### In re CENTURY MACHINE TOOLS, INC., Debtor.

### No. 83–00605–BKC–TCB.

United States Bankruptcy Court, S.D. Florida.

Feb. 23, 1984.

---

Jerry Markowitz, Miami, Fla., Attorney for Creditors' Committee.

Andrew Nierenberg, Plantation, Fla., for debtor.

Michael Moecker, Secretary to Creditors' Committee.

## ORDER ON FEE APPLICATIONS

THOMAS C. BRITTON, Bankruptcy Judge.

A confirmation hearing was held on January 9 upon this debtor's chapter 11 plan. The plan has been confirmed. At the same time, two fee applications were heard.

The National Association of Credit Management of South Florida Unit, Inc., has filed an application (C.P. No. 70) for $3,750 for services:

> "rendered in representing the Creditors' Committee both unofficially and officially as Secretary."

The application represents that 32.25 hours were spent "for professional services" during the period between August 2, 1982 (some eight months before this bankruptcy was filed) and the date of the application, November 28, 1983. The application recites that it is presented under 11 U.S.C. § 330 and B.R. 2016(a).

The application is denied.

Although a Creditors' Committee is permitted to employ:

> "one or more attorneys, accountants, or other agents, to represent or perform services for such committee"

with the court's approval, there is no authorization to pay for those services from the debtor's estate other than as authorized by § 330. That section authorizes award:

> "to a *professional person* employed under section 327 or 1103."

It is clear from the provisions of § 327 that the phrase "professional person" includes attorneys, accountants, appraisers, and auctioneers. The provisions of § 1103 add nothing to the definition. Although the designated "professionals" do not exhaust the category, there is no indication that a secretary falls in that category. I find and conclude that this applicant was not and is not a professional person within the scope of § 330.

Furthermore, there is no authority to reimburse any person, other than the debtor's attorney, for services rendered before bankruptcy and before his employment has been approved by the court.

Finally, this applicant also seeks compensation for an additional 30 hours he anticipates will be spent in the future in making the disbursements required by the debtor's confirmed plan. This court has appointed the debtor's attorney to serve as the disbursing agent without further compensation. The task can be performed expertly and reliably by the designated disbursing agent. There is no occasion to anticipate and, therefore, to compensate this corporation for those services.

Jerry M. Markowitz, Esquire, has applied (C.P. No. 73) for compensation as

counsel for the Creditors' Committee. He seeks $13,312 for 78.75 hours of legal services already performed and an estimated additional ten hours. Like the services of the foregoing applicant, this applicant's services began on August 2, 1982, and continued to the date of the application. The application represents and it is conceded by the debtor that the applicant's services were valuable and instrumental in the formulation of the debtor's plan. Mr. Markowitz is an experienced and able bankruptcy specialist. His valuation of his time for these services, which involved no litigation and achieved no extraordinary results, at an average of $150 an hour would normally be excessive in this area during the time these services were performed. However, in this instance, his compensation was contingent upon a successful reorganization, and giving consideration to that contingency, I find the rate of compensation reasonable.

However, I cannot agree that he is entitled to charge the debtor's estate with compensation for services rendered before bankruptcy and before his employment was authorized by this court under § 327(a). *Collier on Bankruptcy,* (15th ed.) ¶ 327.02 n. 3. The application reflects that 31.25 hours were spent before employment was authorized. Compensation for this applicant's services is authorized, therefore, in the amount of $8,625.

In addition, the applicant seeks reimbursement of expenses in the amount of $131.55. The application is reasonable and is approved.