In the Matter of CENTURY MACHINE TOOLS, INC., Debtor.

NATIONAL ASSOCIATION OF CREDIT MANAGEMENT OF SOUTH FLORIDA UNIT, INC., Appellant,

v.

CENTURY MACHINE TOOLS, INC., Appellee.

No. 84–1374–Civ.

United States District Court, S.D. Florida.

Sept. 25, 1984.

Jerry M. Markowitz, Miami, Fla., for appellant.

Lawrence M. Schantz, Britton, Cohen, Cassel, Kaufman & Schantz, Miami, Fla., for appellee.

## FINAL ORDER AND MEMORANDUM OPINION REVERSING BANKRUPTCY COURT ON APPEAL AND REMANDING FOR FURTHER DETERMINATIONS

ARONOVITZ, District Judge.

THIS IS AN APPEAL from the Order On Fee Applications entered by the United States Bankruptcy Court, Southern District of Florida, on February 23, 1984. The Court held a hearing on Monday, September 18, 1984, at which both Appellant and Appellee were represented. Appellee CENTURY MACHINE TOOLS, INC. ("CENTURY"), the debtor-in-possession, chose not to contest Appellant's position, and in fact joined therein.

The bankruptcy case which led to the instant appeal, *In Re: Century Machine Tools, Inc., Debtor,* 37 B.R. 811 (Bkrtcy. Fla.1984), commenced by way of the Debtor's voluntary petition for reorganization pursuant to Chapter 11 of the Bankruptcy Code. There were a large number of creditors, estimated by counsel for NACM-SF at approximately 150. A Creditors' Committee for unsecured creditors was selected and subsequently approved by the Bankruptcy Judge pursuant to 11 U.S.C. § 1102. To facilitate the operation of this Creditors' Committee, its members initially submitted to the Bankruptcy Court a formal Application for Employment of Secretary for Official Creditors' Committee. The Bankruptcy court acted affirmatively thereon, entering an Order Authorizing Employment of Secretary For Official Creditors' Committee, dated July 11, 1983. That Order approved the employment of Michael E. Moecker, President of the National Association of Credit Management of South Florida Unit, Inc. ("NACM-SF"), to act as Secretary. NACM–SF is an organization consisting of a large number of persons who regularly seek employment similar to that obtained by Mr. Moecker in this case. *After* the Debtor's reorganization plan was approved, Mr. Moecker submitted an application for fees for services performed as Secretary to the Creditors' Committee. The Bankruptcy Judge DENIED Mr. Moecker's fee application in its Order of February 23, 1984, from which this appeal was taken.

In his capacity as Secretary to the Creditors' Committee, Mr. Moecker was charged with a number of responsibilities including, but not limited to, scheduling, coordinating and arranging meetings of the members of the Creditors' Committee; preparing agendas and maintaining the minutes of such Committee meetings and distributing copies of same to member creditors; assisting with the drafting and processing of correspondence between the Creditors' Committee and other interested parties; disseminating periodic information bulletins to the creditors; responding to requests for information from various creditors; acting as a disbursing agent of payments from the Debtor to Creditors if required; serving as a liaison between the Committee, its counsel and other professionals retained by the

Committee or whose services were applied for in the Bankruptcy Court; and assisting the Committee in negotiations with the Debtor and with other classes of claimants. Mr. Moecker performed these tasks pursuant to and in reliance upon the July 11, 1983 Order authorizing his employment, which contained the following statement:

[I]t is further ORDERED and ADJUDGED that said MICHAEL E. MOECKER may apply to this Court for allowance of reasonable compensation for services rendered and for reimbursement of actual and necessary expenses incurred in performing the duties of Secretary to the Official Creditors' Committee.

The Bankruptcy Judge thus authorized Mr. Moecker's employment as Committee Secretary, implying that he would be eligible to receive reasonable fees for services rendered, yet later denied the Secretary's application for such fees. The reason lies in an apparent discrepancy between the language of the *authorizing* provision of the Bankruptcy Code, 11 U.S.C. § 1103, and the Code section providing for *approval of fees*, 11 U.S.C. § 330. Section 330 allows fee payment to any "professional person" employed under section 327 or section 1103. Section 327 specifically permits the Court to approve the employment of "one or more attorneys, accountants, appraisers, auctioneers, *or other professional* persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons." (Emphasis added). Section 1103 in turn authorizes the Bankruptcy Court to approve employment by the Committee of "one or more attorneys, accountants, *or other agents*, to represent or perform services for such committee." 11 U.S.C. § 1103(a). (Emphasis added). Thus, while Mr. Moecker was properly approved as an agent-employee of the Committee pursuant to Section 1103(a), the Bankruptcy Court did not find in Section 330 an explicit basis for payment of fees to Mr. Moecker.

Appellant NACM-SF has argued that fees should be authorized in this instance because NACM-SF and Mr. Moecker, acting as Secretary to the official Creditors' Committee, are "professional persons" within the meaning of Section 327 of the Bankruptcy Code. The Debtor-in-Possession has offered no opposition to this characterization of Appellant's duties. Appellant has submitted documentation regarding the "professional" nature of NACM-SF. One court, addressing the related issue of whether an applicant may be employed as Secretary in light of an apparent conflict with other interests, has noted that "[p]erceivably, a creditor would be more willing to serve on a committee knowing that it would not be called upon to serve as secretary for the group. It may be only an empirical observation but in this district creditor participation in the affairs of a distressed debtor is better both before and after a bankruptcy proceeding because of the involvement of [Credit Managers Association of Southern California]." *In Re: Attorneys Office Management, Inc.,* 40 B.R. 127, 130 (Bktcy.C.D.Cal.1984). Other courts have awarded compensation for services rendered by a duly-appointed Secretary to a Creditors' Committee, thereby implying that such Secretaries had acted as "professional persons" eligible for fees. *See, e.g.,* Orders Approving Applications for Fees in the following cases: *In Re: Wynne Enterprises, Inc.,* case no. 84–00343 (Bktcy.S.D.Fla., Sept. 21, 1984); *In Re: The Mica Corporation,* case no. 83–10995–JD (Bktcy.C.D.Cal. Nov. 21, 1983); *In Re: R.K. Baking Corp.,* case no. 81–B–10321 (Bktcy.S.D.N.Y. July 9, 1982); *In Re: Goldblatt Bros., Inc.,* case no. 81 B 07075 (Bktcy.N.D.Ill., E.D. Dec. 30, 1981).

Whether a fee for services should be paid need not exclusively be determined or rested upon defining a particular person or organization as a "professional person"; to make such a finding with regard to all cases in which such a person or entity seeks employment would go beyond the intended meaning of the Bankruptcy Code. Instead, this Court finds that the Bankruptcy Court erred in its failure to read the three cited sections of the Bankruptcy Code

*in pari materia* with one another. Section 1103 authorizes the employment, with the Court's approval, of "attorneys, accountants, *or other agents.*" (Emphasis added). Section 330 permits the Court to award fees to any of these persons, as well as to "appraisers, auctioneers, or other professional persons" employed under Section 327. The pay-authorizing provision, Section 330, encompasses the entire class of individuals defined in the employment sections, 327 and 1103, by specifically referring to those sections in setting forth the ultimate class of persons eligible to receive compensation for services. This incorporation by reference suggests an *in pari materia* construction of the three statutes. The parties who can be *employed* thereunder are thus identical to those who may receive *compensation* for reasonable services thereon rendered. *Cf. Collier on Bankruptcy* vol. 5 § 1103.01[6] (1983) ("Including within the category of other agents is the secretary for the committee ...").

The seemingly inconsistent provisions of the Bankruptcy Code, as rectified by the *in pari materia* interpretation hereby announced, suggest a two-part test for determining whether or not a given fee application should be approved. This test, employed by this Court in reaching the merits of this Appeal, includes the two prongs hereinafter set forth.

First, by way of request or when otherwise appropriate, the Bankruptcy Court should determine in advance whether the case is sufficiently complex, the number of creditors sufficiently large, and the nature and type of services reasonably necessary, to warrant the employment of a person or entity independent of the Creditors' Committee to serve as its agent or Secretary. An application for authorization of employment should then be either granted or denied. In the case at bar, Judge Britton approved the employment of the Secretary, presumably after weighing these types of considerations. Sections 1103 and 327 require this analysis.

Second, if the Bankruptcy Court deems the appointment of a Secretary appropriate, it should then determine (again, in advance of authorization) whether the party selected to act as Secretary by the Committee is an "agent" of the Committee whose work is required and is of a sufficiently "professional" or "quasi-professional" nature, meriting the payment of reasonable fees and costs for services rendered to the Committee. Only such a person or entity should, in a given case, be authorized for employment under § 1103 or § 327. This will ensure that Section 330 can later be satisfied when appropriate documents in support of a fee application are submitted. In the instant case, the Debtor-in-Possession has adopted Appellant's position and voiced no objection to a finding that Mr. Moecker has performed compensable services for the Creditors' Committee in Case No. 83–00605–BKC–TCB. This Court likewise so concludes.

The Court hereby finds that Mr. Moecker's services were performed in the capacity of a "professional person" in *this* case, without predetermining whether Mr. Moecker or any other employee or officer of NACM-SF would be a "professional person" in any other case. In short, such a determination would have to be made on a case-by-case basis upon an application or request for employment, under the two-part analysis suggested by the Bankruptcy Code and enunciated hereinabove. This test will promote the equitable underpinnings of bankruptcy law by ensuring that when a case is sufficiently complex to require, in the judgment of the Bankruptcy Court, the appointment of a Secretary to the Official Creditors' Committee, and where a particular person's application for employment in that capacity is approved, that person will be entitled to reasonable compensation for services rendered in good faith pursuant to the terms of the authorization. This construction is consistent with Congressional intent in this regard.

For the foregoing reasons, the Order on Fee Applications in Case No. 83–00605–BKC–TCB is hereby REVERSED. The

case is hereby REMANDED to the Bankruptcy Court for a determination of whether the requested payment of $3,750.00 to Mr. Moecker is reasonable and is otherwise justifiable under the relevant law for the type and extent of services rendered by Mr. Moecker as Secretary. If so, the Bankruptcy Court shall authorize such payment. If not, the Bankruptcy Court shall approve payment in the amount determined to be reasonable and justified for the work expended on this case by Mr. Moecker in his capacity as Secretary to the Committee.

DONE AND ORDERED in Chambers at Miami, Florida this 25 day of SEPTEMBER, 1984.