In re **INTERSTATE RESTAURANT SYSTEMS, INC. and Hospitality Restaurants, Inc., Debtor.**

**Bankruptcy No. 85–2259–Civ.**

United States District Court, S.D. Florida, Miami Division.

June 17, 1986.

Sara Robinson, Paul, Landy, Beiley & Harper, Miami, Fla., for debtor.

Howard Berlin, Britton, Cohen, Cassel, Kaufman & Schantz, Miami, Fla., for creditors.

## MEMORANDUM DECISION

SCOTT, District Judge.

This is an appeal from a bankruptcy court's order on remand denying an application for compensation for services rendered and reimbursement of expenses filed by Arnold Zahn, Secretary for the Official Creditors' Committee. In weighing the equities between the parties, a general understanding of the various proceedings below, as well as the sequence of events leading up to the present appeal, is essential.

## FACTUAL BACKGROUND

The present controversy arises out of the consolidated Chapter 11 proceeding of Interstate Restaurant Systems, Inc. and Hospitality Restaurant, Inc. (the "Debtor"). After the order for relief under Chapter 11 was entered, the bankruptcy court approved the appointment of an Official Creditors' Committee (the "Committee") pursuant to 11 U.S.C. § 1102.

On October 22, 1982, the initial meeting of the Committee was held. By invitation of one of the Committee members, Arnold Zahn attended this initial meeting in his representative capacity as President of Purveyors Market, a/k/a Market Service, Inc. ("PMS"). At the meeting, the Committee inquired into PMS' background and experience in dealing with other Chapter 11 food industry cases throughout the country. After this inquiry, the Committee voted to employ PMS, through its President, Arnold Zahn, as Secretary to the Committee.

On December 14, 1982, without notice or hearing, the bankruptcy court approved Arnold Zahn's application for employment as Secretary to the Committee. The application for employment and the order signed by the bankruptcy court were prepared by the Committee's duly-appointed legal counsel. The order approving the application for employment named Arnold Zahn as the appointee. It made no reference to PMS nor to Arnold Zahn's representative capacity as President of PMS.

At the conclusion of the reorganization proceedings, Arnold Zahn filed an application for compensation. The record does not indicate who prepared the application for compensation but it was signed by Arnold Zahn. The application stated that Mr. Zahn had performed an estimated 114 hours of work for the Committee in the total amount of $5,700.00 and incurred travel expenses in the amount of $2,267.00. Like the documents pertaining to the Secretary's employment, the application for compensation made no reference to PMS nor to Arnold Zahn's representative capacity as President of PMS. The bankruptcy court, after notice to all parties and a hearing, denied the Secretary's application for compensation, holding that there was no basis under the Bankruptcy Code for the award of such fees or for reimbursement of expenses for a member of the Creditors' Committee.

Upon appeal, the district court determined that sections 1103 and 330 of the Bankruptcy Code should be read *in pari materia* thereby permitting the court to award fees to the Secretary upon proper findings. By order of The Honorable Judge Joe Eaton, on December 20, 1984, the case was remanded to the bankruptcy court for a determination of whether the services rendered by the Secretary to the Committee were of a sufficiently "professional" nature to permit compensation under section 330 of the Bankruptcy Code.

At the hearing on remand, held on March 11, 1985, Arnold Zahn did not appear. Instead, Frank Delmedico, Vice-President of PMS, appeared to testify. As stated by counsel at the hearing, Frank Delmedico was present to testify, instead of Arnold Zahn, because Frank Delmedico, as Vice-President of PMS, had performed approximately 85 of the 114 hours of work claimed in the application for compensation.

On March 28, 1985, the bankruptcy court denied Arnold Zahn's application for compensation. As to the services performed by PMS after Mr. Zahn's employment was authorized, the bankruptcy court's denial was premised on the fact that neither the order authorizing employment of Mr. Zahn nor the application for compensation made

any reference to PMS. As to work personally performed by Mr. Zahn, the bankruptcy court found that the approximately twenty-three hours of work was essentially ministerial, not "professional", and therefore, ineligible for compensation under section 330 of the Bankruptcy Code.

The present controversy involves two issues. The first issue is whether the bankruptcy court was bound by some *per se* rule to disallow compensation for noncompliance with certain procedural formalities. The second issue is whether the bankruptcy court erred in finding that the services personally performed by Mr. Zahn, as President of PMS, were not "professional" and therefore, ineligible for compensation under section 330 of the Bankruptcy Code.

## SUBSTANCE OVER FORM

In considering the initial issue, this Court takes heed of the "overriding consideration that equitable principles govern the exercise of bankruptcy jurisdiction." *Marin v. Bank of England,* 385 U.S. 99, 103, 87 S.Ct. 274, 277, 17 L.Ed.2d 197 (1966). Pertinent to the case at bar is the frequently stated and applied maxim that equity regards substance rather than form. In applying this maxim, technicalities are disregarded in order to achieve an equitable result.

In the present case, the bankruptcy court denied compensation for the services performed by PMS after Mr. Zahn's employment was authorized because neither the order authorizing employment of Mr. Zahn nor the application for compensation made any reference to PMS. While this Court recognizes that general nonobservance of procedural formalities is not to be encouraged, it also recognizes that occasions do arise where it is necessary to obviate an oversight which would otherwise result in unfair and inequitable consequences.

The present record indicates that the Committee elected PMS, through its President Arnold Zahn, as Secretary to the Committee. The record also reflects that PMS has been in the credit adjustment business for approximately fifteen years and has served successfully as Secretary to Creditors' Committees in numerous Chapter 11 cases nationwide. Based on these credentials, the Committee selected PMS as its Secretary. Further, it was the Committee's legal counsel, and not PMS, who prepared both the application for employment and the proposed order authorizing employment. The Court notes that the order authorizing employment of Arnold Zahn as Secretary to the Committee was entered without a hearing. Consequently, any opportunity for the bankruptcy court to discover the Committee's intentions as to who it was employing was lost. Moreover, it is without dispute that all parties of interest were aware of PMS' involvement as Secretary in this case, and, in fact, Debtor's counsel attended several meetings where Mr. Delmedico, Vice-President of PMS, was present as Secretary. It is also undisputed that PMS, through its representatives, satisfactorily performed its services as Secretary to the Committee. The Court also notes that at the original hearing on fee applications, Debtor's counsel appeared and raised no objection either to the award of fees to the Secretary or to the fact that Arnold Zahn had signed the application for compensation without reference to PMS. It was not until the hearing on remand that these objections were raised. Moreover, nothing in the record suggests bad faith on the part of PMS.

Under the circumstances reflected by the present record, this Court determines that the bankruptcy court was not bound to rigidly adhere to procedural formalities and ignore the underlying equities. Mindful of the Supreme Court's words in *Bank of Marin, supra,* other courts have exercised their equitable powers in bankruptcy proceedings to preclude unfair and inequitable consequences. *See, e.g., In the Matter of Triangle Chemicals, Inc.,,* 697 F.2d 1280 (5th Cir.1983) (bankruptcy court, sitting as a court of equity, has the sound discretion to consider whether a nunc pro tunc order should be issued to validate a previous failure to obtain the requisite court approval). Nothing in the present record sug-

gests to this Court that the bankruptcy court considered exercising its equitable powers.

Accordingly, that portion of the bankruptcy court's order denying compensation for services performed by PMS after Mr. Zahn's employment was authorized is VACATED and REMANDED to the bankruptcy court. Upon remand, the bankruptcy court shall enter a nunc pro tunc order appointing PMS as Secretary to the Committee relating back to the date that it began performing services for the Committee through its officers and representatives. Additionally, the bankruptcy court shall allow the application for compensation to be amended to make reference to PMS. Thereupon, the bankruptcy court shall award PMS, in accordance with Section 330 and the latter part of this decision, reasonable compensation for services rendered and reimbursement for expenses incurred.

## "PROFESSIONAL" SERVICES DEFINED

On remand from the district court, the bankruptcy court determined that the services performed by Mr. Zahn were not of a sufficiently "professional" nature as to merit compensation of reasonable fees and expenses pursuant to section 330. In making its determination, the bankruptcy court found that the tasks performed by Mr. Zahn were mainly "ministerial" and therefore, not "professional." The bankruptcy court also found that Mr. Zahn was not an attorney nor an accountant, and that Mr. Zahn had not received any specialized training or education.

■■■ This Court determines that the narrow construction placed on the term "professional" by the bankruptcy court at the urging of the Debtor was incorrect and misdirected the bankruptcy court's focus. Whether services rendered are sufficiently

"professional" in nature does not turn solely on the type of educational degree that one possesses. Nor should services rendered be automatically precluded from compensation because certain of the tasks performed are ministerial in nature. Rather, this Court holds that services of a "professional" nature are manifested by workmanship based on sound knowledge and conscientiousness. This sound knowledge can be acquired through the results of education, training or experience. The term "professional" also encompasses extreme competence. Further, it is the sum total of the services rendered that is relevant and not the individual tasks performed, for even accountants and attorneys engage in "ministerial" tasks when rendering their services. In the bankruptcy context, the pertinent test to be applied is whether a specialized service was performed which benefitted the estate. In support of this position, this Court notes that "[o]ther courts have awarded compensation for services rendered by a duly-appointed Secretary to a Creditors' Committee, thereby implying that such Secretaries had acted as 'professional persons' eligible for fees." *In the Matter of Century Machine Tools, Inc.*, 43 B.R. 122 (S.D.Fla.1984) (citing as examples, *In Re: Wynne Enterprises, Inc.*, case no. 84–00343 (Bktcy.S.D.Fla., Sept. 21, 1984); *In Re: The Mica Corporation*, case no. 83–10995-JD (Bktcy.C.D.Cal. Nov. 21, 1983); *In Re: R.K. Baking Corp.*, case no. 81–B–10321 (Bktcy.S.D.N.Y. July 9, 1982); *In Re: Goldblatt Bros., Inc.*, case no. 81–B097075 (Bktcy.N.D.Ill., E.D. Dec. 30, 1981)).

■■■ Based upon a review of the record, this Court reaches the inevitable conclusion that PMS performed services of a "professional" nature.[1] Accordingly, that portion of the bankruptcy court's order denying compensation for the services performed by Mr. Zahn is VACATED and

---

1. Appellee contends that because Mr. Zahn failed to appear at the hearing on remand, compensation should be denied. This Court disagrees. It is well-established that a corporation works through its employees and agents. During oral argument, appellee candidly conceded that PMS was the entity that actually performed the services. At the hearing on remand, Mr. Delmedico testified, in his capacity as Vice-President of PMS, on behalf of PMS. Thus, there is ample support in the record for this Court's conclusion.

REMANDED to the bankruptcy court. Upon remand, the bankruptcy court shall award PMS reasonable compensation for services rendered and reasonable reimbursement for expenses incurred by its President, Arnold Zahn.