## In re KINGSWAY PURCHASING, INC., Debtor.

### Bankruptcy No. 86–04870–R.

United States Bankruptcy Court, E.D. Michigan, S.D.

Feb. 6, 1987.

---

Beth DunCombe, Detroit, Mich., for debtor.

Joseph Fischer, Birmingham, Mich., for creditors committee.

## ORDER DENYING APPLICATION FOR EMPLOYMENT OF SECRETARY

STEVEN W. RHODES, Bankruptcy Judge.

### I.

The Creditors' Committee has filed an application for the employment of a secretary. Specifically, the committee seeks the approval of the employment of Robert Hoder of the National Association of Credit Management to perform the following services:

A. The taking and transcribing of minutes of meetings of the Creditors' Committee;

B. Organizing, filing and forwarding notification of pleadings and/or correspondence related to the activities of the Creditors' Committee and the Debtor-In-Possession;

C. Those other duties normally and regularly associated with a Secretary and as may be required in the interest of the Creditors' Committee. (Application, paragraph 2)

At the hearing, in response to the debtor's objection, counsel for the Creditors' Committee further indicated that the secretary would also conduct polling of the Creditors' Committee as necessary on issues that arise, and would respond to creditors' questions concerning the case.

The debtor objects, contending that the Creditors' Committee has not established the necessity for the employment and that the increased expense would not be justified. The Creditors' Committee proposes to pay the secretary $55 per hour, plus expenses.

### II.

Although the application does not specifically so indicate, it is presumably filed pursuant to 11 U.S.C. § 1103(a), which provides:

At a scheduled meeting of a committee appointed under section 1102 of this title [11 USCS § 1102], at which a majority of the members of such committee are present, and with the court's approval, such committee may select and authorize the employment by such committee of one or more attorneys, accountants, *or other agents*, to represent or perform services for such committee. [Emphasis added.]

At the hearing, both counsel indicated that they had been unable to locate any prior case law on this issue. The Court has found several cases that directly or indirectly address the issue.

In *In re Attorneys Office Management, Inc.*, 40 B.R. 127 (Bankr.C.D.Cal.1984), the United States Trustee objected to the appointment of the Creditor Manager's Association of Southern California as secretary for the official creditors' committee because it was concurrently performing services for individual creditors and was using its position as secretary to solicit other individual creditors to use its services; the United States Trustee contended that this was a conflict of interest. The court concluded that the prohibition in Section 1103(b) against a person representing any other entity in connection with the case while employed by the committee did not apply because the secretary does not "represent" the committee.

Although that holding is not directly applicable in this case, because no such objection has been made here, the court did make the following observations in *dicta* concerning the necessity and justification for the employment of a secretary by a creditors' committee:

> There is a view that secretaries to committees do not require any particular expertise. Under this view the taking of notes, the sending of notices, and the compiling of acceptances and rejections of a debtor's plan can easily be performed by any member of a creditors committee. In a large case a mailing service could mail the notices. Under Section 1102(b)(1) the committee of creditors should consist of the persons, willing to serve, that hold the seven largest claims against the debtor of the kinds represented by the committee. In any group of seven people it is hard to find one person willing to serve as secretary for the group. Assuming all seven to be able to do so they would still be pleased to have someone with more expertise perform the function instead. Perceivably, a creditor would be more willing to serve on a committee knowing that it would not be called upon to serve as the committee's secretary. It may be only an empirical observation but in this district creditor participation in the affairs of a distressed debtor is better both before and after a bankruptcy proceeding because of the involvement of CMA. *Id.* at 130.

In *In the Matter of Century Machine Tools, Inc.*, 43 B.R. 122 (S.D.Fla.1984), the District Court reversed a judgment of the Bankruptcy Court which had denied fees to a secretary for a Creditors' Committee. The Bankruptcy Court, which had previously approved the employment of the secretary under 11 U.S.C. § 1103(a) as an agent to perform services for the committee, subsequently concluded that § 330 allowed fees only to "professional persons", and further concluded that the secretary was not a "professional person". The District Court concluded that there was no such inconsistency between Sections 1103(a) and 330, and announced the following two part test:

> First, by way of request or when otherwise appropriate, the Bankruptcy Court should determine in advance whether the case is sufficiently complex, the number of creditors sufficiently large, and the nature and type of services reasonably necessary, to warrant the employment of a person or entity independent of the Creditors' Committee to serve as its agent or Secretary. An application for authorization of employment should then be either granted or denied.

> Second, if the Bankruptcy Court deems the appointment of a Secretary appropriate, it should then determine (again, in advance of authorization) whether the party selected to act as Secretary by the Committee is an "agent" of the Committee whose work is required and is of a sufficiently "professional" or "quasi-professional" nature, meriting the payment of reasonable fees and costs for services rendered to the Committee. Only such a person or entity should, in a given case, be authorized for employment under § 1103 or § 327. This will ensure that

Section 330 can later be satisfied when appropriate documents in support of a fee application are submitted. *Id.* at 125.

The court concluded:

This test will promote the equitable underpinnings of bankruptcy law by ensuring that when a case is sufficiently complex to require, in the judgment of the Bankruptcy Court, the appointment of a Secretary to the Official Creditors' Committee, and where a particular person's application for employment in that capacity is approved, that person will be entitled to reasonable compensation for services rendered in good faith pursuant to the terms of the authorization. This construction is consistent with Congressional intent in this regard. *Id.* at 125.

*See also: Interstate Restaurant Systems, Inc.,* 61 B.R. 945 (S.D.Fla.1986).

In *In re J.E. Jennings, Inc.,* 67 B.R. 106 (Bankr.E.D.Pa.1986), the court denied an application for compensation and expenses of the secretary to the Creditors' Committee, in the context of also denying applications for reimbursement filed by members of the Creditors' Committee. There was no separate discussion of the application filed by the secretary, perhaps because the employment of the secretary had not previously been approved by the court, although this is not entirely clear.

### III.

■ This Court is unwilling to adopt either the extreme view in favor of the appointment of a secretary for a creditors' committee as set forth in *In re Attorneys Office Management, Inc.,* or the extreme view against such appointments as set forth in *In re J.E. Jennings, Inc.*

Specifically, the Court rejects as speculative the suggestion in *In re Attorneys Office Management, Inc.* that it would be hard to find a person on the creditors' committee willing to serve as secretary for the group and that a creditor would be more willing to serve on a committee knowing that it would not be called upon to serve as the committee secretary. Further, this Court cannot concur in that court's empirical observation that creditor participation is better because of the involvement of CMA. Rather, this Court concludes that a creditor's motivation in participating in a debtor's reorganization, normally based upon the expectation of financial reward, will not be substantially diminished by the prospect of having to perform some administrative functions on the creditors' committee. Further, this Court cannot agree that there is any relationship between the employment of a secretary for the creditors' committee and the level of creditor participation in a case. Accordingly, this Court concludes that there is no general basis in the structure of Chapter 11 proceedings or in the motivations of the participants to appoint a secretary for the creditors' committee simply because it has been requested.

On the other hand, this Court rejects the apparent view of *In re J.E. Jennings, Inc.* that it is never appropriate to appoint and compensate a secretary for a creditors' committee. As noted, that case did not address the apparent authorization in 11 U.S.C. § 1103(a) for the appointment of a secretary as an "agent" to "perform services for" the official creditors committee, in appropriate circumstances.

The Court concludes that the two part test set forth in *In the Matter of Century Machine Tools, Inc.,* properly accommodates the balance that must be struck between preserving the debtor's assets, *In re Ohio River Steel Corporation,* 65 B.R. 92, 94 (Bankr.W.D.Ky.1986), and the efficient functioning of the creditors' committee for the benefit of all concerned.

### IV.

■ As noted, the first inquiry is whether the case is sufficiently complex, the number of creditors sufficiently large, and the nature and type of services reasonably necessary, to warrant the employment of a secretary. The second inquiry is whether the work of the proposed agent will be of a sufficiently professional or quasi-professional nature that the payment of reason-

able fees and costs for services rendered to the committee is warranted.

Unfortunately, the scant application before the Court provides no basis upon which the Court can make the necessary determinations. It is absolutely silent as to the complexity of the case, the number of creditors, the necessity of the services to be performed, and the professional nature of the services to be performed. Moreover, the applicant's showing at the hearing shed very little further light on these issues. For example, it was suggested that the secretary would be responsible for taking minutes of Creditors' Committee meetings; however, there was no indication that it was impractical or inappropriate to have the responsibility for this assumed by one or more committee members, or by even a secretary employed by one of the creditors, or by the committee's counsel. In this regard, the Court notes that there was no showing that taking minutes was work of a professional nature, or even that taking minutes was necessary in the circumstances of the case.

It was further suggested that the secretary would be responsible for distributing pleadings to the members of the Creditors' Committee. But again, although that function might be necessary, there is no indication that it is necessary that it be performed by a secretary, rather than by a member of the committee, or by an individual employed by any of them, or by counsel's staff.

The same can be said of the committee polling function, suggested to be performed by the secretary.

Finally, the committee suggests that a secretary is important to field and to screen inquiries from the committee and other creditors concerning the case. It might be concluded that the appointment of a secretary is necessary for that purpose, if the complexity of the case and the number of creditors were to indicate that carrying out this responsibility would impose an undue burden on the committee or its counsel. But here, as noted, the Court has no basis upon which to make a judgment concerning this.

Accordingly, the Court concludes that the applicant has not made a sufficient showing that the employment of a secretary is necessary in the circumstances of this case, or that the work to be performed by the secretary is of a professional nature.

Accordingly, the applicant for the employment of a secretary is denied.