In re RICHTON INTERNATIONAL COR-
PORATION, also d/b/a Bond Street,
Ltd., a division and Ronay, a division,
Debtor.

In re The RICHTON JEWELRY COMPA-
NY, INC., formerly known as Coro, Inc.,
also d/b/a Aspen Skiwear, a division
and the Richton Headwear Company, a
division, Debtor.

In re RICHTON SPORTSWEAR,
INC., Debtor.

Bankruptcy Nos. 80–B–10374
to 80–B–10376.

United States Bankruptcy Court,
S. D. New York.

Dec. 17, 1981.

Stroock & Stroock & Lavan, New York City, for debtors.

Weil, Gotshal & Manges, New York City, for Bank Creditors.

Gates & Laber, New York City, for debtors.

Cole & Dietz, New York City, for debtors.

Gelberg & Abrams, New York City, for Creditors' Committee.

Kramer, Levin, Nessen, Kamin & Soll, New York City, for Creditors' Committee.

JOHN J. GALGAY, Bankruptcy Judge.

■ At a hearing on October 7, 1981 this Court considered applications of various parties involved in the above-captioned cases for allowances of compensation and disbursements. By a previous order of this Court, allowances were fixed for all parties except for the law firm of Weil, Gotshal & Manges ("Weil"), counsel for the seven bank creditors of the Debtors (the "Banks"). Weil's application was held for this separate consideration to examine the appropriateness of allowances under Bankruptcy Code § 503(b)(4), 11 U.S.C., to counsel of a creditors' committee which is not the official Creditors' Committee. Recognizing the authorization for such allowances under the Code, the ability of this estate to pay such allowances, the absence of objections to such allowances, and Weil's substantial contribution to the successful reorganization of the Debtors, this Court allows the payment to Weil of $115,000.

Weil seeks compensation in the amount of $95,969.90 plus disbursements of $19,-030.10 for services rendered from March 10, 1980 to August 31, 1981. Weil's application, which the Court commends for its detail, indicates that 1135 hours were expended during the period, 25 percent of which time was expended by Weil partners. The average hourly rate for Weil's requested allowance is less than $85.00. The applicant has been previously paid by their clients, the Banks, and the amount awarded by this Court will be refunded to the Banks.

From the inception of these cases, Weil has actively participated in virtually every aspect of the reorganization process. Weil was retained on January 15, 1980 by the Banks, which had extensive financial interests in the Debtors. After the Debtors' March 18, 1980 filing of their Chapter 11 petitions, Weil aided the securing of inter-company cash advances among the Debtors, facilitated the operation of the Banks as an organized creditors group before the Creditors' Committee was appointed, and gener-ally oversaw the relatively smooth, cooperative, and productive progress of these cases. Later in these cases, Weil's efforts to reconcile the Debtors and creditors and to negotiate and consummate the reorganization were instrumental in the promulgation of the Plan of Reorganization. The Plan provides two options to creditors: immediate payments equal to 60 percent of their claims or payments over time of 100 percent of their claims with interest. Throughout the proceedings Weil has represented the Banks. Nonetheless, Weil's involvement in these cases, its expertise, and the services it has rendered have made a substantial contribution to the successful reorganization of the Debtors.

Section 503(b) of the Bankruptcy Code authorizes allowances of compensation for counsel to the Banks. In Chapter 11 cases, section 503(b)(3)(D) allows reimbursement of expenses for a "committee representing creditors." Subsection (4) allows reasonable compensation for services rendered by an attorney of an entity which can receive expenses under subsection (3). 11 U.S.C. § 503(b)(3), (4). Such compensation was not permitted in Bankruptcy Act Chapter XI cases. *See, e.g., In re FAS International, Inc.*, 382 F.Supp. 77 (S.D.N.Y.1974). However, section 503(b)(3) and (4) finds its predecessors in Bankruptcy Act §§ 242, 243 (formerly 11 U.S.C. §§ 642, 643) and also in Chapter X reorganization cases. *See In re Investor Funding Corp.*, Nos. 74 B 1454 *et al.* (S.D.N.Y. filed Sept. 28, 1981); *In re Interstate Stores, Inc.*, 1 B.R. 755 (Bkrtcy.S.D.N.Y.1980); Report of the Committee of the Judiciary, *Bankruptcy Law Revision*, H.R.Rep.No.595, 95th Cong., 1st Sess. 355 (1977); Report of the Committee on the Judiciary, *Bankruptcy Reform*, S.Rep.No.989, 95th Cong., 2 Sess. 66 (1978), U.S.Code Cong. & Admin.News, p. 5787. In *Investor Funding*, compensation was awarded for counsel for bank creditors in a Chapter X case.

■ The policy aim of authorization of such compensation is to promote meaningful creditor participation in the reorganization process. *See In re National Lock Co.,*

82 F.2d 600 (7th Cir. 1936); *In re Interstate Stores*, 1 B.R. at 757. Concomitant with the aim of creditor participation is the authorization of compensation for counsel to creditors. *See National City Bank v. Saldana Crosas Realty Corp.*, 86 F.2d 923 (1st Cir. 1936).

■ Section 503(b)(3) and (4) authorizes compensation for legal services rendered in making a substantial contribution to a Chapter 11 case. 11 U.S.C. § 503(b)(3), (4). This is so even if the services rendered by counsel are for its client. The correspondence of Weil's self-interest in serving its clients, the Banks, and the interests of the Debtors in a successful reorganization, does not bar compensation to Weil from the Debtors. Otherwise, creditor participation in reorganization might be discouraged. The appropriate test of compensable services is whether they substantially contributed to the successful result. *In re Consolidated Motor Parts*, 85 F.2d 579 (2d Cir. 1936); *In re Investor Funding Corp.*, Nos. 74 B 1454 *et al.* (S.D.N.Y. filed Sept. 28, 1981).

■ Services which substantially contribute to a case are those which foster and enhance, rather than retard or interrupt the progress of reorganization. *In re Investor Funding Corp., Id.* at ――, citing, *In re Interstate Stores*, 1 B.R. at 756. Those services which are provided solely for the client-as-creditor, such as services rendered in prosecuting a creditor's claim, are not compensable. As this Court discussed earlier, the services for which Weil seeks compensation are those which facilitated the progress of these cases and which substantially aided the formulation and adoption of the Plan of Reorganization. Weil excluded from its application those services which served only its client's interests. [The detail of Weil's application and its supplemental letter of October 2, 1981 to the U. S. Trustee's Office aided the Court in its determination of those services which are compensable. Future applicants under these Code sections are urged to submit similarly detailed applications.]

This Court emphasizes that the Debtor's estate is well-able to pay the allowances granted with no impairment of other creditors. The Court also notes not only the absence of objection to Weil's application but rather a warm recommendation by the Debtors and the Creditors' Committee that it be allowed.

For the foregoing reasons, this Court awards the applicant compensation of $95,969.90 and disbursements of $19,030.10.