### In re KENTUCKY THREADED PRODUCTS, INC., Debtor.

**Bankruptcy No. 3–83–00988(B).**

United States Bankruptcy Court, W.D. Kentucky.

March 14, 1985.

John P. Reisz, Louisville, Ky., for debtor.

James C. Mauch, Lexington, Ky., for Coupling Nut Supply.

David J. Walker, Louisville, Ky., for Unsecured Creditor's Committee.

## MEMORANDUM–OPINION

G. WILLIAM BROWN, Bankruptcy Judge.

This matter comes before the Court on application of the creditor, Coupling Nut Supply, for reimbursement of attorneys fees and expenses in the amount of $4,796.75.

This petition for Chapter 11 relief was filed May 13, 1983 with this creditor scheduled as an unsecured creditor in the amount of $31,250.00. Coupling was thereafter appointed and served as a member of the Creditors Committee.

Shortly after the filing of this petition, Coupling, through its attorney, initiated an investigation of the debtor, including a deposition of debtor's president, to discover the nature of certain pre-petition transactions. Central to this inquiry was an alleged bonus or payment made to the debtor's president, in the period immediately preceding the request for Chapter 11 relief. Thereafter, a negotiated settlement of these issues was achieved between the Creditors Committee and the debtor's president whereby the sum of approximately $5,000.00 was paid into the estate.

Coupling here seeks reimbursement for its individual fees and expenses incurred, alleging its efforts benefited the estate and all creditors.

For the reasons hereinafter set forth, the application of Coupling Nut Supply for reimbursement of attorney fees and expenses incurred is denied.

Coupling justifies this petition on the basis that its investigative efforts ultimately resulted in an asset and benefit to the estate. The benefit solely resulting from Coupling's efforts, however, can not be precisely determined. The "asset" was ultimately determined by negotiated settlement through the Creditors Committee and other interested parties. The "asset" value is $5,000.00, while the reimbursement sought totals $4,796.75. Administrative expenses for the Creditors Committee's counsel have previously been approved without objection for approximately $3,500.00.

At no time prior to the incurring of the expenses here sought to be reimbursed was application to employ professionals made by Coupling to this Court. It is well settled that pursuant to Sections 503(b)(3)(B) and (b)(4), a creditor can be compensated from the estate for attorney fees incurred only after first seeking court approval for the activity to be conducted. *Matter of Spencer*, 35 B.R. 280 (N.D.Ga. 1983). While there is authority that counsel who renders services in good faith but through oversight has failed to obtain a prior court order approving the employment may, thereafter, be compensated pursuant to an Order *nunc pro tunc*, this

**120**

equitable discretion should be exercised only under unusual circumstances. *Matter of Triangle Chemicals, Inc.*, 697 F.2d 1280 (5th Cir.1983). *See also, In re Bear Lake West, Inc.*, 32 B.R. 272 (D.Ida.1983).

It is further noted that Coupling was a member of the Creditors Committee at or about the time it unilaterally proceeded to initiate its investigation and could have, and should have, operated under the auspices of the Committee to achieve the same end results. The "asset" or benefit derived by the estate resulted from a negotiated settlement of the disputed issues, the parties to the settlement being the Creditors Committee (Coupling being a member thereof) and other interested parties. The extent, if any, to which Coupling's sole efforts resulted in an enhancement of the estate cannot and has not been established specifically.

 As noted in *In re Sapolin Paints, Inc.*, 38 B.R. 807 (E.D.N.Y.1984), the factors relied upon by the Court in exercising its discretion relative to such application includes, without limitation, (1) nature of services rendered; (2) difficulties and complexities encountered; (3) time necessarily expended; (4) results achieved; (5) burden the estate can safely bear; (6) size of the estate; (7) duplicity of services; (8) professional standing, ability, and experience of applicant; and (9) fairness to each applicant. *In re Sapolin Paints, Inc., supra,* further holds that professional services rendered, if not previously authorized, are not compensable even though the services may have benefited the estate and were performed in good faith.

It is further the opinion of the Court that even if the "asset" was derived solely from Coupling's efforts, the petition for reimbursement is disproportionate to the results acheived. Accordingly, the Court finds that the authorization for the employment of the professionals now sought to be compensated was neither sought nor approved by this Court; that the results achieved are unable to be determined with specificity; that there was duplicity of services, compensation having previously been

authorized to counsel for the Creditors Committee who actually participated in the negotiated settlement; that the benefit derived by the estate is disproportionate to the reimbursement now petitioned.

While objection to the reimbursement sought by Coupling has been objected to by the debtor, this Court notes that the lack of an objection to a fee request does not affect the Court's duty to fix reasonable compensation, and the burden is on counsel to establish reasonableness. *In re Hamilton Hardware Co.*, 11 B.R. 326 (E.D.Mich.1981). Simply stated, Coupling has failed to sustain its burden as to the entitlement or reasonableness of the reimbursement.

The above constitutes Finding of Fact and Conclusions of Law pursuant to Rules of Bankruptcy Procedure 7052 and a separate Order will be entered this date.