**In re S & T INDUSTRIES, INC., Keith-Simmons Hardware, Inc., Debtor.**

**Bankruptcy Nos. 3–85–00593,
3–85–00594.**

United States Bankruptcy Court,
W.D. Kentucky.

Aug. 12, 1986.

Steven H. Keeney, J. Timothy Cocanougher, Louisville, Ky., for General Elec.

W. Robinson Beard, Louisville, Ky., for Unsecured Creditors Committee.

Parker W. Duncan, James R. Higgins, Jr., Louisville, Ky., for debtor.

Tandy C. Patrick, Louisville, Ky., for Citizens Fidelity Bank and Trust Co.

## OPINION

G. WILLIAM BROWN, Bankruptcy Judge.

This matter comes before the court on application for Payment of Administrative Expenses filed by General Electric (GE). Objections to said application have been filed by the debtor, S & T Industries, Inc. (S & T), by Citizens National Bank & Trust Co. (Citizens), and by the Unsecured Creditor's Committee (Committee).

■ GE seeks payment of $13,993.75 as an administrative expense. This amount represents legal fees and related expenses incurred by GE from March 9, 1985 through March 29, 1985. During this period, GE participated together with other creditors as an unofficial committee of unsecured creditors and served for six days on the Committee appointed by this Court on March 23, 1985. GE claims that its counsel made a "substantial contribution" to this case within the meaning of 11 U.S.C. Section 503(b)(3)(D) and, therefore, the legal fees and expenses described in the Application are compensable under Section 503(b)(4).

First, the Court notes that GE failed to obtain prior Court approval for the employment and services of Barnett & Alagia (B & A) as required by 11 U.S.C. Section 327. It is well-settled in this jurisdiction that a creditor cannot obtain compensation for attorney fees from the estate under 11 U.S.C. § 503 if that creditor did not first seek and obtain court approval. *In re Kentucky Threaded Products, Inc.,* 49 B.R. 118 (Bankr.W.D.Ky.1985). Lack of prior court approval would be reason enough for this Court to deny the Application.

Secondly, there appears to be a more compelling reason for this Court to deny GE's Application. It is alleged by the debtor and it is also the perception shared by the Committee, that GE and/or its counsel B & A failed to inform the unsecured creditors of a conflict between GE's secured claim and its (and B & A's) role in the "unofficial" creditors committee. During the period for which reimbursement is sought, GE/B & A purported to represent unsecured creditors. GE and/or B & A failed to fully disclose GE's secured position to the other creditors on the "unofficial" committee. During this period, GE and its counsel received information meant to be shared only among unsecured creditors. Subsequent to receiving such information, GE filed an Adversary Proceeding, claiming to be a secured creditor for the full amount of its claims. We believe such a conflict of interest should have been revealed and requires denial of GE's Application for payment. *See In re Chou-Chen Chemicals, Inc.,* 31 B.R. 842 (Bankr. W.D.Ky.1983).

Further, the standard for compensation under Sections 503(b)(3) and (4) are those legal services that substantially contributed to the successful result. Services which substantially contributed to a case are those which foster and enhance, rather than retard or interrupt the progress of reorganization. *In re Richton Intern Corp.,* 15 B.R. 854 (Bankr.S.D.N.Y.1981). "These services which are provided solely for the client-as-creditor, such as services rendered in prosecuting a creditor's claim,

are not compensable." *Id.* at *856.* The Court finds no services which were provided by B & A which were other than solely for its client, GE. Simply stated, GE has failed to sustain its burden as to the entitlement or reasonableness of the reimbursement.

The above constitutes Findings of Fact and Conclusions of Law pursuant to Rules of Bankruptcy Procedure 7052. A separate order will be entered this date.