**In re OHIO RIVER STEEL CORPORATION, Debtor.**

**Bankruptcy No. 5-85-00381.**

United States Bankruptcy Court, W.D. Kentucky.

Aug. 21, 1986.

Helen Lucier, Charles R. Keeton, Louisville, Ky., for Bayou Steel Corp.

John W. Ames, Louisville, Ky., for debtor.

Jeremiah A. Lloyd, Louisville, Ky., and Charles Chatz, Chicago, Ill. for Official Unsecured Creditors' Committee.

## MEMORANDUM–OPINION

G. WILLIAM BROWN, Bankruptcy Judge.

This matter comes before the Court on the amended application of Bayou Steel Corporation (Bayou) for allowance of compensation and reimbursement of expenses, as well as reimbursement for payments made to its attorneys, in connection with its activities as co-chairman of the Official Unsecured Creditors' Committee in the to-

tal sum of $39,422.11. A hearing was held on the application on May 7, 1986, and the parties have briefed the issue.

Bayou asserts that it is entitled to this compensation and reimbursement as an administrative expense under 11 U.S.C. Sections 503(b)(3)(D) and (b)(4). Bayou argues that its activities have substantially contributed to the results achieved in this reorganization case. The Unsecured Creditors' Committee has filed an objection to allowance of Bayou's Amended Application, asserting that Bayou did not seek prior court approval of such compensation, that its contribution is indistinguishable from that of other Committee members, and that Bayou's attorneys were acting on behalf of their client only.

The issue for resolution by this Court is whether Bayou is entitled to this compensation and reimbursement as an administrative expense under Sections 503(b)(3)(D) and (b)(4). Subsection (b)(3)(D) provides for allowance of administrative expenses incurred by a creditor (among others) or a committee representing creditors in making a substantial contribution in a case. Subsection (4) provides for compensation for professional services rendered by an attorney or accountant of an entity whose expenses are allowable under subsection (3).

Bayou asserts that Section 503 does not contain a requirement of prior court approval for employment of an attorney by a creditor. A strict reading of Section 503 does not contain a mandatory requirement of prior approval. It is well-settled in this jurisdiction that a creditor cannot obtain compensation for attorney fees under 11 U.S.C. Section 503 if that creditor did not first seek and obtain court approval, absent unusual circumstances. *In re Kentucky Threaded Products, Inc.*, 49 B.R. 118, 119 (Bkrtcy., W.D.Ky.1985). However, if we examine the *purposes* behind court approval, they are applicable to this confirmed Chapter 11 case. This Plan of Reorganization was confirmed on December 19, 1985. Bayou's original application for administrative expenses was not filed until January

94

21, 1986, subsequent to the confirmation. The purpose behind prior court approval for professional services is to enable the Court to have some control over the depletion of the assets of the estate, and to grant creditors an opportunity to know what administrative claims are being made.

■ This Plan, as confirmed, makes provisions for the payment of administrative expenses. Based on this disclosure, the creditors voted whether to accept or reject the Plan. Allowance of post-confirmation administrative expenses, absent prior court approval and subsequent to the creditors voting on the Plan, raises potential questions of feasibility of the Plan. We believe that such claims, if they are to be asserted, should be made prior to the confirmation of the Plan, so as to avoid opening a Pandora's box of issues post-confirmation.

Turning to the substantive issue, we must determine whether Bayou has made a substantial contribution to this case. Abstractly stated, the Courts have held that a substantial contribution consists of services which foster and enhance, rather than retard or interrupt the process of reorganization. *In re Richton Int'l Corp.*, 15 B.R. 854 (Bkrtcy., S.D.N.Y.1981). Determining the parameters and working definition of "substantial contribution" is a more pragmatic task.

We note that Bayou includes an extensive "resume" of the contributions it believes it has made to this reorganization, including the use of certain meeting rooms and stenographic services. We further note that Bayou was a member of the Committee and was operating (presumably) under the auspices of the Committee. Any benefits derived by the estate were a result of the efforts of the entire Committee and the counsel approved by this Court for the Committee. The extent, if any, to which Bayou's individual efforts resulted in an enhancement of the estate cannot and has not been established specifically. *In re Kentucky Threaded Products, Inc.*, 49 B.R. 118, 120 (Bkrtcy., W.D.Ky.1985).

■ Bayou was represented, with all the other unsecured creditors, by counsel for the Committee. Bayou, by its own volition and for its own reasons, decided to continue to retain its own counsel. Unquestionably, it had the right to do so, but at its own risk and expense. Bayou unilaterally chose its own counsel; there was no vote on the selection as there was for counsel for the Committee. Now it seeks this Court's approval, at the expense of the estate and other creditors, for reimbursement for this unilateral decision and selection. When counsel is retained by and ostensibly represents one client, it is very difficult to differentiate what services, if any, are not performed solely for that client as creditor. *In re Richton Int'l Corp.*, 15 B.R. 854, 856 (Bkrtcy., S.D.N.Y.1981); *In re S & T Industries, Inc.*, 63 B.R. 656 (Bkrtcy., W.D. Ky.1986).

Accordingly, the Court finds that the authorization for the employment of the attorneys now sought to be compensated was neither sought nor approved by this Court and that the results achieved by this creditor alone are unable to be determined with specificity. Simply stated, Bayou has failed to sustain its burden as to the entitlement of the reimbursement.

■ Lastly, the Committee has made no objection to the reimbursement to Bayou for its claim of expenses in the amount of $2,424.48 for travel, food, and lodging in performance of its duties as a Committee member. We find such a claim to be reasonable and an Order will be entered allowing same. *In re Kentucky Threaded Products, Inc., supra* at 120.

This Memorandum-Opinion constitutes Findings of Fact and Conclusions of Law pursuant to Rules of Bankruptcy Procedure 7052.