In re ACE FINANCE
COMPANY, Debtor.

Bankruptcy No. B83–2897.

United States Bankruptcy Court,
N.D. Ohio, E.D.

Feb. 5, 1987.

See also, Bkrtcy., 64 B.R. 688.

Edward Brown, Arter & Hadden, Cleveland, Ohio, for Huntington National Bank.

David O. Simon, Benesch, Friedlander, Caplan and Aronoff, Dianne Blocker, Sindell, Rubenstein, Einbund, Pavlik and Novak, Cleveland, Ohio, for debtor.

Harlan Hertz, Hertz, Kates, Friedman, and Kammer, Cleveland, Ohio, for Creditors' Committee.

Robert S. Turoff, Cleveland, Ohio, for creditors, Leonard Turoff, Harry Turoff, Sam Turoff and Rite Insurance Co.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

This matter came on for hearing upon the application of Huntington National Bank (Huntington), a secured creditor, for reimbursement of counsel fees and expenses incurred in the above-styled case. The fees and expenses which are the subject of this request represent a portion of those which have been paid by the Bank. Upon due notice to all parties entitled thereto, an evidentiary hearing was held. Pursuant to Rule 7052, Bankr. Rules, and the Court's examination of the relevant pleadings, the testimony presented, the adducement of evidence, and argument of counsel, the following constitutes this Court's findings:

Huntington seeks payment of $21,010.06, as an administrative expense pursuant to relevant provisions of § 503(b)(3)(D), and 503(b)(4) of the Bankruptcy Code, contending that it has made a substantial contribution to the case that was beneficial to the Debtor's estate. More specifically, Huntington states that its contribution precipitated the sale of the Debtor's portfolio which comprised its remaining principal assets, in addition to negotiating and jointly proposing a liquidating plan which was approved by the Court.

The dispositive issue before the Court is whether Huntington has performed meaningful creditor participation to the Debtor's estate which gives rise to compensable administrative expenses.

Pertinent provisions of § 503(b) of the Bankruptcy Code provide:

After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title—, including

(3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by—

(D) a creditor ... in making a substantial contribution in a case under Chapter 9 or 11 of this title ... § 503(b)(3)(D).

Further, § 503(b)(4) provides:

After notice and a hearing, there shall be allowed administrative expenses ... including

(4) reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title ... and reimbursement for actual, necessary expenses incurred by such attorney or accountant. § 503(b)(4).

From the above-mentioned statutory provisions, it is clear that an entity falling squarely within the parameters of § 503(b)(3)(D) and (4) can be compensated for actual and necessary services which amount to a substantial benefit to the debt-

or's estate.[1] The underlying policy for allowing such compensation is the promotion of meaningful creditor participation in the reorganization process. *In re Richton International Corp.*, 15 B.R. 854 (Bankr.S.D. N.Y.1981), *citing, In re National Lock Co.*, 82 F.2d 600 (7th Cir.1936); *In re Interstate Stores*, 1 B.R. 755. This encouraged participation, however, is not without limitations. The services provided by such participating creditors must be deemed as a substantial contribution to the case in order to warrant compensation from the Debtor's estate. Thusly, the threshold test which must be met to determine compensable services is whether those services provided have substantially contributed to a successful result. Substantially contributed services have been further defined as "those which foster and enhance, rather than retard or interrupt the progress of reorganization." *Richton, supra at 855.*

In the matter at bar, Huntington has separately identified those professional services which it contends were rendered by its counsel that represent a substantial contribution to the Debtor's estate. Before addressing those work efforts asserted by Huntington, an examination of the record is illuminating.

On November 2, 1983, the official Creditors' Committee was duly appointed by this Court. Huntington was initially named as a member of the Committee; however, on November 4, 1983, Huntington, by letter addressed to the Court, declined appointment to the Committee. Upon application, the Creditors' Committee was authorized to employ counsel for its representation. Huntington, an active Creditor-participant

in the case, was represented by separately retained counsel.

In the initial stages of the case, the record reflects that Huntington's involvement was inclusive of a contested matter whereby Huntington moved for a regulating order concerning the Debtor's business operations. (Ultimately, a total of three (3) such motions were made by Huntington). Other pleadings filed reflect a request for production of documents; a motion for a portfolio analysis of the Debtor [2]; a motion to preclude intercompany advances and purchases of chattel paper; the filing of interrogatories; a motion to retain an accountant; objections to Debtor's requests for time extension regarding plan filing and acceptances thereof; a joint objection with the Creditors' Committee opposing the Debtor's time extension motions; a motion to retain a financial consultant to monitor the liquidation of the Debtor's portfolio; a joint motion with the Creditors' Committee to advance a hearing regarding Huntington's motion pertaining to Debtor's continued operations; a motion for appointment of an examiner/Trustee; objection to the Debtor's attorney's fee application; a responsive pleading in regard to Debtor's motion to sell certain realty and a subsequent withdrawal of its objection; a motion to dismiss a proof of claim; the joint filing of Debtor's Disclosure Statement and Plan of Reorganization; a motion to correct and supplement Debtor's Disclosure Statement; [3] a memorandum in response to certain shareholder objections to the Disclosure Statement; presentment of Debtor's Disclosure Statement; presentment of the Debtor's Plan; filing of Debtor's Amended Disclosure Statement; an objection to a motion seeking vacation of the approved

---

1. By definition, "substantial contribution" means a substantial contribution to the administration of the reorganization case, not a substantial contribution to representing the individual creditor or equity security holder. R. Ginsberg, *Bankruptcy,* ¶ 4410. The phrase "substantial contribution in the case" is derived from §§ 242 and 243 of the Bankruptcy Act and does not require a contribution that leads to confirmation of a plan. (H.Rep. No. 95–595 to accompany H.R. 8200, 95th Cong., 1st Sess. (1977) p. 355).

2. This motion was objected to by the Creditors' Committee.

3. This is a second Disclosure Statement and Plan filed for the Debtor. The original Disclosure Statement and Plan were filed by the Debtor's counsel on December 4, 1984, but were both withdrawn on February 1, 1985.

Disclosure Statement; a filed memorandum regarding disposition of certain Virginia claims; a joint motion with the Creditors' Committee for an order confirming the Second Amended Plan and soliciting acceptances of the Plan.

■ It is unquestioned that Huntington has been an active litigant in this case; however, extensive activity, alone, is not sufficient to come within the compensable realm of § 503(b)(3) and (4). The activity generated by the creditor participant must be tantamount to a substantial contribution which was beneficial to the debtor's estate before compensation is allowable. In addition to a separate objection by certain of its creditors, both the Debtor and the official Creditors' Committee (Committee) have objected to Huntington's request for reimbursement of administrative expenses. All of the objectants challenge Huntington's assertion that it has made a substantial contribution to the Debtor's estate within the context of § 503(b)(3) and (4). The Turoff Creditors and Rite Insurance Agency allege that Huntington's acts have been primarily beneficial to itself and only incidentally beneficial to the Debtor.[4] More specifically, these Creditors contend that the Plan presently calls for Huntington to receive seventy-five percent (75%) of the scheduled claims ($850,000.00), whereby the unsecured general Creditors are to receive a limited recovery (an estimated 10%) of their respective claims. Further, they contend that Huntington is further benefitted by the Debtor's agreement to forego enforcement of an alleged voidable transfer of some $161,000.00 received by Huntington. In brief, since Huntington presently is to receive a greater recovery than all other Creditors, they contend that allowing it a reimbursement for administrative expenses would be inequitable and would further reduce the assets available for distribution to other Creditors.

■ The apparent basis for the Creditors' Committee's objection to Huntington's request is that no agreement existed between the two that Huntington would seek administrative expenses for its efforts. That objection, without more, is an insufficient basis on which to remove Huntington's efforts outside the provisions of § 503(b)(3)(D) and 503(b)(4). Neither provision of § 503(b) requires a pre-existing agreement between the participating creditor and the official creditors' committee as a prerequisite to an award of administrative expenses to a participating creditor which has contributed to a debtor's estate. Moreover, the record is silent to show the existence of any agreement or other evidence that would preclude Huntington from seeking reimbursement for its counsel fees.

■ In support of their contentions, these parties cite the court's holding in *In re Rockwood Computer Corp.*, 61 B.R. 961, 965 (Bankr.S.D.Ohio 1986). Therein, the court disallowed an application for fees sought under the aegis of 503(b)(3)(D) and (b)(4). That court, recognizing that no allowance is to be made where the service rendered was primarily beneficial to the entity seeking compensation, further acknowledged that a claimant was not entitled to compensation where the activity rendered amounted to a function which was an obligation or duty of the trustee, debtor-in-possession, or some other officer of the estate, *citing*, 6A Collier on Bankruptcy (14 Ed.), ¶ 13.06(b), at p. 585.

The situation at bar is not significantly different from that which was presented in *Rockwood, supra*. The services provided by Huntington, although extensive, were preponderantly beneficial to Huntington, since Huntington effectively represented the largest Creditor burden to the estate. The substantial contribution test has not been met. Where the involvement of Huntington is unquestioned, it is quite clear that its several activities performed were, in significant part, the duties of the Debtor or of other court-appointed officers. Most of the activity performed by the Applicant, herein, concerned the preparation and submission of the Debtor's Disclosure State-

---

4. Leonard Turoff, Harry Turoff, Sam Turoff and Rite Insurance Agency.

ment and Plan of Reorganization. The duly authorized Court officer obligated to perform this activity in this case was the official Creditors' Committee. The Committee performed this activity, with Huntington's assistance, and has been compensated therefor pursuant to § 330 of the Code. Of long-standing principle in this Circuit:

> A claimant is not entitled to an allowance for activity in connection with the administration of an estate where such activity amounts to the performance of some function or duty of the estate. *In re Hydraulic Machinery, Inc.*, 87 F.Supp. 666 (E.D.Mich.1949); 6A Collier on Bankruptcy (14 Ed., ¶ 13.06(b), at 585.

Where a claimant performs activities as described in the above-quoted language, such claimant is relegated to the status of a volunteer, unless it is successfully demonstrated that the appointed officer is either unable or unwilling to act. Id., at 585. There has been no demonstration regarding a lack of ability or willingness on the part of the Debtor's counsel or other court-appointed officers to perform the tasks performed by Huntington. The Debtor was represented by counsel which has been duly compensated. Similarly, the Creditors' Committee was represented by court-appointed counsel to perform services for which Huntington seeks compensation. That counsel, likewise, has been compensated. Dual compensation is unwarranted and, if allowed, would entail an excessive and undue burden upon the estate. It is the duty of the Court in administering bankruptcy law to avoid double expenses to the estate. *Gochenour v. Cleveland Terminals Bldg. Co.*, 142 F.2d 991, 995 (6th Cir.1944); *see also, In re Cle-ware Industries*, 493 F.2d 863 (6th Cir.1974); *In re Kentucky Threshold Products, Inc.*, 49 B.R. 118 (Bankr.W.D.Ky.1985); *In re Liberal Market, Inc.*, 24 B.R. 653, 658 (Bankr. S.D.Ohio 1982).

WHEREFORE, finding that Huntington has not made a substantial contribution to the Debtor's estate that would warrant compensation under § 503 of the Code, its request for reimbursement of administrative expenses is hereby denied.

IT IS SO ORDERED.