In re A. TARRICONE, INC., Halstead–Quinn Fuel Co., Inc., Peekskill Fuel Corp., Viking Petroleum Products, Inc., Debtors.

GATX TERMINALS
CORPORATION, Plaintiff,

v.

A. TARRICONE, INC., Defendant.

Bankruptcy No. 86 B 20573–6.
Adv. No. 87 ADV. 6105.

United States Bankruptcy Court,
S.D. New York.

March 11, 1988.

Proskauer Rose Goetz & Mendelsohn, New York City, for debtors.

Irwin & Post, New York City, for plaintiff.

## MOTION FOR PARTIAL SUMMARY JUDGMENT FOR ATTORNEY FEES

HOWARD SCHWARTZBERG,
Bankruptcy Judge.

On a motion for partial summary judgment, the plaintiff, GATX Terminals Corp., seeks a determination by this court that the attorney fees and expenses on the basis of identical contractual provisions incurred in a prior adversary proceeding between the debtor and the plaintiff, are payable by the debtor as administrative expenses under 11 U.S.C. § 503. The debtor seeks a determination that the debtor is not required to pay the plaintiff's attorney fees, or, in the alternative, if the court should find such fees are to be paid from the debtor's estate, the plaintiff's attorneys must file a proof of claim as a general unsecured creditor of the Debtor.

## FINDINGS OF FACT

1. The Plaintiff, GATX Terminals Corp. (hereinafter "GATX") operates a public terminal facility for the storage and handling of clean petroleum and petro-chemical prod-

254

ucts and chemicals in Carteret, New Jersey.

2. The debtor, A. Tarricone, Inc. (hereinafter "ATI"), entered into two warehousing agreements ("Warehousing Agreements") with GATX, dated April 1, 1986 and May 1, 1986, under which it obtained space in four storage tanks for clean petroleum products and related storage services from GATX.

3. On December 12, 1986, the Debtors filed voluntary petitions for reorganization under chapter 11 of the Bankruptcy Code. Pursuant to Sections 1107 and 1108 of the Code, the Debtors are continuing in the operation of their businesses and the management of their properties as Debtors-in-Possession. Simultaneously with the commencement of these cases, an Order was entered by this court authorizing the joint administration of the Debtors' estates pursuant to Bankr.Rule 1015.

4. On January 28, 1987 and March 6, 1987, GATX sent a notice to the debtor, regarding each of the storage agreements, stating both agreements would terminate on April 30, 1987.

5. On March 16, 1987, GATX filed an adversary proceeding in this court seeking a Declaratory Judgment that the Debtor has no Property interest in the Warehousing Agreements.

6. When GATX moved for summary judgment on its complaint, ATI consented to the entry of a court ordered Consent Order. A Consent Order was entered by this court on April 17, 1987, wherein the parties agreed the Warehousing Agreements were terminated and ATI had no property interest in said contracts.

7. The instant Motion for Partial Summary Judgment was filed by GATX on February 19, 1988. A hearing was held on March 10, 1988.

## DISCUSSION

Although the parties have stipulated to the facts in this motion, there is a dispute as to whether the Consent Order and the Warehousing Agreements contemplate that GATX's attorneys may seek fees and ex-

penses from the debtor. If the attorneys are entitled to such fees, an issue exists as to whether the attorneys may seek such compensation as an administrative expense of the debtors' estate pursuant to 11 U.S.C. § 503(b) or as a general unsecured creditor of the debtor.

The Consent Order states in relevant part,

ORDERED:

\*　　\*　　\*　　\*　　\*　　\*

2. That this order and summary judgment be and hereby are entered without prejudice to any claims which the parties may have on account of acts or omissions, or liabilities incurred by, the other party during the term of those contracts; and

3. That, as this Order fully disposes of this matter, this adversary proceeding is dismissed with prejudice and without costs to either party.

Both Warehousing Agreements include the following provision,

ATI shall pay GATX all litigation costs and expenses, including reasonable attorney's fees incurred by GATX in enforcing any of the terms, conditions or provisions of this Agreement.

The debtor asserts that GATX, under the above provisions of the Consent Order, has waived its rights to the reimbursement of its litigation costs, including reasonable attorney fees, incurred in connection with the prior adversary proceeding. The debtor argues that the terms of the Consent Order supersede the Warehousing Agreements, thereby supplanting the provisions of the Warehousing Agreements that would entitle GATX to seek compensation for attorney fees incurred while enforcing any terms, conditions or provisions of such agreements.

 Where costs and fees are incurred as a result of a creditor's enforcement of any terms, conditions or provisions of an agreement with the debtor and there is a provision in the agreement whereby the debtor is liable for such fees, the creditor is entitled to recover all reasonable attorney fees and other expenses incurred in fur-

therance of the ultimate goal of enforcing an agreement pursuant to its terms. *See In re D.H. Overmyer Telecasting Co., Inc.,* 23 B.R. 823, 923–24 (Bankr.N.D.Ohio 1982); *In re J.F. Hink and Son,* 815 F.2d 1314 (9th Cir.1987). Although the debtor argues that paragraph 3 of the Consent Order, recited above, precludes GATX from seeking compensations for attorney fees incurred, paragraph 3 of the Consent Order merely provides the adversary proceeding be dismissed with prejudice and without costs; such costs do not include attorney fees and expenses. "Costs" are merely court costs incurred from the filing of the proceeding in this court. *See Roadway Express v. Piper,* 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980). Additionally, GATX asserts that the terms of the Consent Order, specifically paragraph 2, do not preclude GATX from moving against ATI for fees and expenses pursuant to the terms of the Warehousing Agreements. Paragraph 2 of the Consent Order preserved, without prejudice, GATX's claims against the debtor on account of acts or omissions, or liabilities incurred by the debtor during the term of the agreements. The incurring of attorney fees and expenses to enforce the terms of the Warehousing Agreements in the prior adversary proceeding are entitled to be treated as a compensable liability.

■ However, these attorney fees and expenses do not rise to the level of an administrative expense pursuant to 11 U.S.C. § 503. Section 503 allows fees to be paid out of a debtor's estate as an administrative expense if the costs and expenses were incurred in preserving the debtors estate or in recovering property for the benefit of the debtor's estate and if such services were rendered after the commencement of the case. 11 U.S.C. § 503(b)(1) & (3). An attorney is entitled to compensation under section 503(b), where such services were performed on behalf of a creditor not a debtor, only if the services performed make a substantial contribution to a chapter 11 and do not exclusively serve the creditor. *In re Richton International Corp.,* 15 B.R. 854 (Bankr.S.D.N.Y.1981); *In re Lion Capital Group,* 44 B.R. 684 (Bankr.S.D.N.Y.1984). Legal services which are provided solely for the client as creditor, such as services rendered in prosecuting a creditor's claim, are not compensable under 11 U.S.C. § 503(b)(3) & (4). *In re Richton International,* 15 B.R. at 856. GATX does not assert that the services performed by its attorneys in the prior adversary proceeding resulted in a substantial contribution to the debtors' reorganization efforts. In fact, it is apparent that GATX's attorneys were only acting on behalf of GATX and that such services did not substantially contribute to the debtors' estate. Accordingly, GATX is not entitled to have its attorney fees compensated as an administrative expense pursuant to 11 U.S.C. § 503(b).

To the extent that GATX's claim arose out of a contractual obligation on the part of the debtor to pay the appropriate attorney fees, GATX is entitled to file a claim as an unsecured creditor of the debtor. *See In re United Merchants and Manufacturers, Inc.,* 674 F.2d 134 (2d Cir.1982); *Liberty National Bank and Trust Company of Louisville v. George,* 70 B.R. 312 (W.D.Ky. 1987); *In re Ladycliff College,* 56 B.R. 765 (S.D.N.Y.1985).

Although GATX is entitled to seek compensation of attorney fees from the debtor pursuant to the provisions of the Warehousing Agreements, such fees must be reasonable under both the terms of the Warehousing Agreements and the Bankruptcy Code. The bankruptcy court retains discretion to determine if the attorney fees are reasonable. *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974); *In re Overmyer Telecasting,* 23 B.R. at 923. The factors the court must consider in assessing the reasonableness of attorney fees include:

(1) The time and labor required; (2) The novelty and difficulty of the questions: (3) The skill requisite to perform the legal service properly; (4) The preclusion of other employment by the attorney due to the acceptance of the case: (5) The customary fee; (6) Whether the fee is fixed or contingent; (7) Time limitations imposed by the client or the circumstanc-

es; (8) The amount involved and the results obtained; (9) The experience, reputation, and ability of the attorneys; (10) The undesirability of the case; (11) The nature and length of the professional relationship with the client; (12) Awards in similar cases.

*Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974).

In order for the court to determine the reasonableness of the attorney fees claimed, counsel for GATX should submit to the court the time sheets and data upon which the attorney fees and expenses, excluding court costs, were calculated.

## CONCLUSIONS

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(B).

2. The debtors are liable to GATX for attorney fees and expenses, excluding court costs, incurred pursuant to the terms of the Warehousing Agreements.

3. GATX's claim for attorney fees and expenses are not administrative expenses pursuant to 11 U.S.C. § 503(b). GATX may file a claim as a general unsecured creditor of the debtor for the attorney fees and expenses, excluding court costs, to be determined by the court after reviewing the time sheets and supporting data submitted by counsel for GATX.

SETTLE ORDER on Notice.