**In re Stephen A. MISHKIN, Debtor.**

**Bankruptcy No. 83 B 20041.**

United States Bankruptcy Court,
S.D. New York.

April 20, 1988.

Barr & Faerber, Spring Valley, N.Y., for trustee.

Sidney Turner, White Plains, N.Y., for Bd. of Managers of Yardarm Beach Condominium.

## DECISION ON MOTION FOR PAYMENT OF ADMINISTRATIVE EXPENSES

HOWARD SCHWARTZBERG, Bankruptcy Judge.

On a motion by Yardarm Beach Condominium ("Condominium") for payment of administrative expenses, the Condominium seeks payment from the trustee for common charges allegedly incurred by the

debtor, Stephen A. Mishkin, pursuant to his obligations stated in the by-laws and Declaration of Condominium, and attorney fees and expenses incurred from pursuing the debtor's obligation. The trustee disputes the amount of common charges and attorney fees for which the Condominium seeks compensation and argues, if the Condominium is entitled to compensation, such compensation should not be awarded as an administrative expense because the Condominium and its attorney have not benefitted the estate. The trustee also asserts that, because the Condominium failed to properly perfect its claim, it may be avoided by the trustee.

### FACTUAL BACKGROUND

1. On January 26, 1983, the debtor, Stephen A. Mishkin, filed a Chapter 11 petition in bankruptcy.

2. In October of 1983, Richard Lieb, Esq. was appointed Chapter 11 trustee.

3. The debtor was the owner of a condominium unit ("condominium unit") in the Yardarm Beach Condominium. By order of this court, dated October 16, 1985, the trustee was permitted to sell the condominium unit and upon the sale of the condominium unit the court directed the trustee to hold the proceeds of the sale in a separate interest bearing account pending further order of the court.

4. Pursuant to this court's order dated October 16, 1985, the order permitted that the automatic stay be modified to permit the Board of Managers of the Condominium to file a "Notice of Lien" pursuant to applicable state law to secure payment of common charges. The order stated that the "resulting lien, to the extent valid perfected and enforceable," shall attach only to the proceeds of the sale of the condominium.

5. The condominium unit was sold by the trustee on December 12, 1985, free and clear of all liens, assessments, interests, claims, and encumbrances, which, to the extent valid, were to attach to the proceeds of the sale.

6. The Board of Managers of the Condominium filed a motion with this court on March 18, 1988, in which it seeks payment of common charges incurred by the debtor from the date of the filing of the petition and up to the sale of the condominium unit. The Declaration Establishing a Condominium states, in relevant part,

TWELFTH: Common Charges. All sums assessed as common charges by the Board of Managers of the Condominium but unpaid together with the 6% interest thereon, chargeable to any Home Owner shall constitute a lien on his Home prior to all other liens except: (a) tax or assessment liens on the Home by the taxing subdivision of any governmental authority, including but not limited to State, County, Town and School District taxing agencies; and (b) all sums unpaid on any first mortgage of record encumbering any Home. Such lien may be foreclosed when past due in accordance with the laws of the State of New York, by the Condominium, in like manner as a mortgage on real property, and the Condominium shall also have the right to recover all costs incurred including reasonable attorney's fees (but such right shall not be a lien against the Home).

7. The trustee disputes the Condominium's entitlement to payment of pre- and post-petition common charges.

### DISCUSSION

The Condominium claims it is entitled to payment of common charges incurred by the debtor from the period after the filing of his Chapter 11 petition and the time at which the condominium unit was sold. Although the Condominium was granted relief from the automatic stay to file a "notice of lien", by virtue of this court's order signed October 16, 1985, such a lien was not filed by the Condominium. Instead of filing a "notice of lien", pursuant to applicable state law, to secure payment of pre- and post-petition common charges and maintenance assessments asserted, the Condominium seeks compensation of the post-petition common charges, assessments

and attorney fees in the amount of $34,-949.67, claiming these charges are administrative expenses pursuant to 11 U.S.C. § 503. Additionally, the Condominium asserts that even though it neglected to file a "notice of lien", the filing of the declarations and by-laws of the Condominium on June 28, 1976, pursuant to Real Property Law of New York, constitutes the perfecting of consensual liens as provided for in these documents. The Condominium argues there are no further requirements for perfecting these liens as encumbrances and liens upon the condominium unit.

■ The trustee, first and foremost, disputes the amount of the claim. The Condominium did not present any evidence as to the amount of its claim. The Condominium relies upon documents annexed to its motion papers to establish the value and validity of its claim. However, the trustee disputes the validity of these documents. Such documents are not evidence. Therefore this court may not determine the liquidated amount of the Condominium's claim. Second, the trustee argues that if there is a valid claim by the Condominium against the debtor's estate, such a claim is not an administrative claim pursuant to the terms of 11 U.S.C. § 503. Third, the trustee also asserts that the Condominium has not properly perfected its lien against the debtor and, therefore, the trustee may avoid this unperfected lien by virtue if his avoidance powers under 11 U.S.C. § 544.

## ADMINISTRATIVE EXPENSES

11 U.S.C. § 503(b) states,

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—

(1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case:

An administrative expense claim is a priority granted to those who either help preserve and administer the estate or who assist with the rehabilitation of the debtor so that all creditors will benefit. *Broad-*

*cast Corporation of Georgia v. Broadfoot (In re Subscription Television of Greater Atlanta)* 789 F.2d 1530, 1532 (11th Cir. 1986); *In re Tri–L Corporation,* 65 B.R. 774 (Bankr.D.Utah 1986). Claims under this subsection are judged by the actual value received by the estate. An administrative expense only qualifies to the extent that it was necessary for the preservation of the estate. *Broadcast Corporation of Georgia v. Broadfoot (In re Subscription Television of Greater Atlanta)* 789 F.2d 1530, 1532 (11th Cir.1986); *In re Perret,* 63 B.R. 973, 977 (Bankr.S.D.N.Y.1986); *In re California Steel Company,* 24 B.R. 185, 10 B.C.D. 512 (Bankr.Ill.1982).

■ The Condominium claims that the post-petition common charges and assessments incurred by the debtor were necessary to preserve the debtor's estate and, by such preservation, the use of these charges represented a benefit to the estate. The Condominium claims the fees were used for the upkeep of the debtor's condominium unit which included reparation of the roof of the unit and payment of Lilco utility charges.

In addition to disputing the amount of the common charges assessed against the debtor as a result of inconsistent documentation regarding these charges, the trustee claims the Condominium has not proved that such charges were actually paid or utilized in the maintenance of the debtor's condominium unit. The court finds there is an issue regarding the use of the common charges assessed against the debtor which is sufficient to deny the relief sought by the Condominium. Without a demonstration that the funds were actually utilized to preserve the value of and benefit the *debtor's* property, not the Condominium community as a whole, compensation of these charges as administrative expenses must be denied.

■ Sidney Turner, Esq., attorney for the Condominium, claims his right to attorney fees pursuant to paragraph TWELFTH of the Declaration of Condominium and requests his attorney fees incurred in this action be paid from the debtor's estate as

an administrative expense. Such payment of attorney fees is governed by 11 U.S.C. § 503(b). Section 503 allows fees to be paid out of the debtor's estate as an administrative expense if the costs and expenses were incurred in preserving the debtor's estate or in recovering property for the benefit of the debtor's estate and if such services were rendered after the commencement of the case. *In re A. Tarricone, Inc.,* 83 B.R. 253, 255 (Bankr.S.D.N.Y.1988). An attorney is entitled to compensation under section 503(b), where such services were performed on behalf of a creditor, only if the services performed make a substantial contribution to a chapter 11 and do not exclusively serve the creditor. *In re Lion Capital Group,* 44 B.R. 684 (Bankr.S.D.N.Y.1984); *In re Richton International Corp.,* 15 B.R. 854 (Bankr.S.D.N.Y.1981). Legal services which are provided solely for the client as creditor, such as services rendered in prosecuting a creditor's claim, are not compensable under 11 U.S.C. § 503(b)(3) & (4). *In re A. Tarricone, Inc.,* 83 B.R. at 255. In light of this court's finding that the Condominium has failed to establish any monies had been expended to preserve or benefit the debtor's estate, it is axiomatic that the attorney for the Condominium may not seek payment of his fees as administrative expenses incurred from the pursuit of the Condominium's administrative claim which has been denied by this court.

■ Regardless of the nature of the compensation sought, the Bankruptcy Court retains discretion to determine if the attorney fees are reasonable. *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974). Therefore, to the extent this court determines Mr. Turner's fees are reasonable pursuant to the *Johnson* standard, he may file a proof of claim as a general unsecured creditor of the debtor. Mr. Turner would not be entitled to seek attorney fees as an administrative expense of the debtor's estate unless and until he can demonstrate that the work he performed benefitted or made a substantial contribution to the estate.

■ Paragraph TWELFTH of the Declaration of Condominium specifically states that attorney fees incurred to recover delinquent common charges owed to the Condominium may not be a lien against the condominium unit. Therefore, assuming Mr. Turner is entitled to compensation of attorney fees, such fees may not attach to or become a lien on the proceeds from the condominium unit.

## PERFECTION OF THE LIEN

■ By order of this court, the Condominium was entitled to file a Notice of Lien to perfect any common charges incurred against the debtor up to the date of the sale of the Condominium. Although a Notice of Lien was sent by the board of managers of the Condominium to the trustee, the trustee asserts that in a title search, this lien was not reflected. The Condominium does not rebut the trustee's assertion that the lien was never recorded and therefore this court finds the pre- and post-petition claims for common charges were not properly perfected.

■ Paragraph TWELFTH of the Declaration of Condominium states a "lien [for unpaid common charges] may be foreclosed when past due in accordance with the laws of the State of New York, and the condominium shall also have the right to recover all costs incurred including reasonable attorney's fees (but such right shall not be a lien against the home)." Pursuant to this paragraph, the Condominium must comply with the filing and recording requirements of New York law.

■ Real Property Law of New York § 339–z states, in relevant part,

The board of managers, on behalf of the unit owners, shall have a lien on each unit for the unpaid common charges thereof, together with interest thereon, prior to all other liens except only (i) liens for taxes on the unit in favor of any assessing unit, school district, special district, county or other taxing unit, and (ii) all sums unpaid on a first mortgage of record.

Real Property Law § 339–aa states, in relevant part,

> The lien provided for in the immediately preceding section [§ 339–aa] shall be effective from and after the filing in the office of the recording officer in which the declaration is filed a verified notice of lien stating the name (if any) and address of the property, the liber and page of record of the declaration, ... and shall continue in effect until all sums secured thereby, with the interest thereon, shall have been fully paid or until expiration six years from the date of filing, whichever occurs sooner.

The Condominium argues that by merely filing the Declaration of Condominium and its supporting documents it complied with the filing requirements of RPL § 339–aa, that it did not have to file a Notice of Lien, and that such recordings constitute the perfection of consensual liens as provided for in these documents. The filing of these documents does not satisfy the RPL filing requirements. The declaration and every instrument affecting the property or any unit may be filed pursuant to RPL § 339–s, which states in relevant part, "The declaration ... shall be entitled to be indexed and recorded pursuant to and with the same effect as provided in article nine [of the RPL]. Neither the declaration nor any amendment thereof shall be valid unless duly recorded." Therefore, the declaration and other documents must be filed in order to be valid under New York law. This filing under RPL § 339–s is separate and distinct from the RPL § 339–aa filing requirements to perfect a lien for common charges. Thus, before a lien is filed in compliance with RPL § 339–aa, it is without force and effect and there is no actual notice that the unit owner is other than current in his share of the condominium's common charges. *Washington Federal Savings & Loan v. Schneider*, 95 Misc.2d 924, 928, 408 N.Y.S.2d 588 (S.Ct.Rockland County 1978).

The trustee argues that, if this court finds that the Condominium did not properly perfect its lien pursuant to New York law, and assuming the debtor has incurred such common charges, the trustee has rights superior to the Board of Managers commencing from the date of his appointment as the trustee of the debtor's estate by virtue of the "strong-arm" powers of 11 U.S.C. § 544.

Section 544 states, in relevant part,

(a) The trustee shall have, *as of the commencement of the case*, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) ..., a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such creditor exists. (emphasis added).

Subsection (a) of section 544 gives the trustee the rights of a creditor on a simple contract with a judicial lien on the property of the debtor as of the date of the petition. HR Rep. No. 95–595, 95th Cong, 1st Sess. 370–71 (1977); S.Rep. No. 95th Cong. 2d Sess. 85 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5871, 6326–6327. This avoidance power refers only to the rights and powers of creditors which exist at the commencement of the case. To the extent the Condominium has not demonstrated that its pre-petition claims were perfected, and unless it is established that such a lien was properly perfected, the trustee may avoid this claim. However, the post-petition claims which were not properly perfected by the Condominium pursuant to New York Real Property Law may not be avoided by the trustee because it accrued after the commencement of this case. Accordingly, the Condominium is entitled to file a Notice of Lien, pursuant to the October 16, 1985 order of this court, for post-petition common charges incurred to the date of the sale of the condominium unit. This lien may only attach to the proceeds from the sale of the condominium unit, which lien is subject to all other valid liens and encumbrances on the proceeds. However, the amount of the Condominium's post-petition claim for common

charges is still contingent and unliquidated and must be substantiated.

## CONCLUSIONS OF LAW

1. The Condominium has failed to establish that any common charges are owed by the debtor.

2. If any common charges are owed, such charges are not an administrative expense of the estate unless and until the Condominium demonstrates the common charges were utilized to preserve or benefit the debtor's estate.

3. Sidney Turner, Esq., attorney for the Condominium, may not seek compensation of attorney fees and expenses incurred in pursuing the condominium's action as an administrative expense of the debtor's estate because he has not demonstrated that his services made a substantial contribution to the estate. Upon submission of time sheets and after review by this court, Mr. Turner may seek compensation of any reasonable fees as a general unsecured creditor of the debtor.

4. The Condominium did not properly perfect its pre- and post-petition claims pursuant to applicable state law for common charges levied against the debtor. Accordingly, the trustee may avoid the pre-petition claim as a hypothetical perfected judicial creditor of the debtor. Regarding the post-petition claim for common charges, a Notice of Lien may be filed by the Condominium pursuant to the order of this court, dated October 16, 1985, which lien is subject to all valid liens filed against the proceeds of the condominium unit.

5. Because of disputed issues of fact, the amount of the Condominium's post-petition claim remains unresolved by this court.

SETTLE ORDER on notice in accordance with the foregoing findings of fact and conclusions of law.