### In re TEXACO INC., Texaco Capital Inc., Texaco Capital N.V., Debtors.

### Bankruptcy Nos. 87 B 20142 to 87 B 20144.

United States Bankruptcy Court, S.D. New York.

June 30, 1988.

Hebb & Gitlin, Hartford, Conn., for Metropolitan Life Ins. Co. and Travelers Ins. Co.

### MEMORANDUM DECISION ON APPLICATION FOR ALLOWANCE

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The law firm of Hebb & Gitlin, counsel for Metropolitan Life Insurance Company ("Metropolitan") and Travelers Insurance Company ("Travelers") seek an allowance of compensation in the sum of $186,881.50 and reimbursement for expenses in the sum of $10,984.97 pursuant to 11 U.S.C. § 503(b)(4). They assert that they played a vital and visible role in all phases of the activities of the General Unsecured Creditors' Committee ("the Creditors Committee") throughout this case. Their visibility was questioned by the court because until the hearing on compensation, which was held approximately three months after the Texaco confirmation hearing on March 22 and 23, 1988, this court never knew of their

existence. The court never authorized Hebb & Gitlin's retention by any party. Hebb & Gitlin neither appeared before this court arguing positions in the case, nor did they file any pleadings. The Creditors Committee was ably represented by other counsel of their choice, who were authorized by this court to represent the Creditors Committee and who appeared and actively participated in this case. The fact that Hebb & Gitlin represented two members of the Creditors Committee and protected the interests of their clients does not mean that the estate, rather than their clients, should compensate them for their behind the scene activities. Hebb & Gitlin's services were performed solely for the benefit of their clients. *In re Mishkin*, 85 B.R. 18 (Bankr.S.D.N.Y.1988); *In re Tarricone, Inc.*, 83 B.R. 253 (Bankr.S.D.N.Y. 1988). Having never appeared in this case and having failed to submit a single paper from which the court, or any party in interest, could learn of their involvement in this case, the firm of Hebb & Gitlin cannot now be heard to say that they made a substantial contribution which would justify an award for their legal services from the property of this estate. The phrase "substantial contribution", as expressed in 11 U.S.C. § 503(b)(4) would have no meaning if every attorney for a creditor were allowed to take credit for what was known when the Chapter 11 case began, namely that the debtor was willing and able to pay all undisputed creditors' claims in full. Hebb & Gitlin's activities produced no significant or demonstrable benefit to this estate which this court could perceive. Accordingly, the application for compensation pursuant to 11 U.S.C. § 503(b)(4) is denied.

SUBMIT ORDER on notice.