### In re LABOR FINDERS INTERNATIONAL, INC., Debtor.

### Bankruptcy No. 93–32066–BKC–SHF.

United States Bankruptcy Court, S.D. Florida.

March 13, 1995.

---

Nancy Berz Colman, West Palm Beach, FL, for debtor.

Leslie Cloyd, Ackerman, Bakst & Cloyd, P.A., West Palm Beach, FL, for Labor Force, Inc.

## ORDER DENYING APPLICATION OF LABOR FORCE, INC. FOR PAYMENT OF ADMINISTRATIVE EXPENSE

STEVEN H. FRIEDMAN, Bankruptcy Judge.

This matter came before the Court November 22, 1994, on the application of Labor Force, Inc. ("Labor Force"), Ackerman, Bakst & Cloyd, P.A. ("Ackerman") and Bracewell & Patterson, L.L.P. ("Bracewell") (collectively the "Applicants") for payment of administrative expenses pursuant to 11 U.S.C. § 503(b)(3)(D) and (b)(4). The Debtor, Labor Finders International, Inc. (the "Debtor"), objects to the Applicants' request. Having considered the application, the supporting and opposing memoranda of law, and for the reasons set forth below, the Court denies the application for payment of administrative fees.

After 16 months in bankruptcy, the Court confirmed the Debtor's consensual plan of reorganization. The Applicants, after becoming involved in this bankruptcy 14 months after the petition was filed, take the credit for transforming the Debtor's controverted plan into a consensual. The Applicants contend that by questioning the propriety of certain settlements, objecting to inequitable treatment of insider creditors and questioning the value of the contribution by shareholders, they caused the distribution to unsecured creditors to be increased from 16%, to be paid out in six years, to 47.59%, to be paid in one year. The Applicants assert that these services constitute a substantial contribution to the bankruptcy case, entitled them to administrative expenses. Although these services did benefit other unsecured creditors, the Court finds that these efforts were taken on behalf of Labor Force and incidentally benefitted the remaining unsecured creditors.

The parties agree that when considering whether a party is entitled to administrative expenses courts look to three factors: (1) whether the services were rendered solely to benefit the client or to benefit all parties to the case; (2) whether the services provided direct, significant and demonstrable benefits to the estate; and (3) whether the services were duplicative of services provided by attorneys for committees, the committees, the debtor, or debtor's counsel. See, In re Baldwin–United Corp., 79 B.R. 321, 338 (Bankr. S.D.Ohio 1987); In re Buttes Gas & Oil Co., 112 B.R. 191, 194 (Bankr.S.D.Tex.1989). The parties dispute the significance of the Applicants' contribution to the estate. The Debtor contends that the Applicants' services were rendered solely for the benefit of Labor Force and incidentally benefitted the other unsecured creditors. Thus, they should not be awarded administrative expenses. The

Applicants refute this argument and cite to *In re Richton Int'l Corp.*, 15 B.R. 854 (Bankr.S.D.N.Y.1981) for support of their assertion that a party can serve its clients interests and still be entitled to administrative expenses.

There is a significant difference between the Applicants here and the applicants in *Richton.* In *Richton,* Weil, Gotshal & Manges ("Weil") excluded from its application those services which served only its client's interest and sought compensation for those services which facilitated the progress of the case and which substantially aided the formulation and adoption of the plan of reorganization. The services for which Weil was compensated included aiding the debtors in securing inter-company cash advances; reconciling the debtors and creditors; and, negotiating and consummating the reorganization. In this case, the Applicants seek compensation for all time spent on the case. After reviewing the Applicants' time entries, the Court concludes that the efforts expended by the Applicants were intended predominantly to protect and advance the interests of Labor Force, and not the interests of the other unsecured creditors. Further, the Applicants efforts did not provide direct, significant nor demonstrable benefit to the estate. Therefore, the Applicants are not entitled to administrative expenses. Accordingly, it is

ORDERED that the Applicants' application for administrative expenses is denied.