**In re FLIGHT TRANSPORTATION CORPORATION SECURITIES LITIGATION.**

Master No. 4–82–874.
MDL No. 517.

United States District Court,
D. Minnesota,
Fourth Division.

Aug. 18, 1987.

Leonard, Street and Deinard, Minneapolis, Minn., Kelley Drye & Warren, New York City, for Manufacturers Hanover.

Popham, Haik, Schnobrick, Kaufman & Doty Ltd., Minneapolis, Minn., for Unsecured Creditors Committee.

### MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

Presently before the court is the application of Manufacturer's Hanover Trust Company ("MHT"), as Indenture Trustee, for allowance of expenses incurred and for compensation for services rendered from June 18, 1982 to November 30, 1986 in connection with these proceedings. For the reasons which follow, the application is denied.

MHT alleges that it is Indenture Trustee under the Indenture pursuant to which $25,000,000 in aggregate principal amount of Flight Transportation Corporation's ("FTC") 11¼% Sinking Fund Debentures due June 1, 1995 ("debentures") were issued on June 14, 1982, and as such trustee, they owe a fiduciary duty to each debenture holder. Since the commencement of this action, which resulted in defaults under the Indenture, MHT alleges that it has rendered normal and extraordinary services on behalf of debenture holders. MHT retained counsel to advise it and represent

it in connection with these proceedings. MHT now requests an award of $174,-603.36 for its total expenses and compensation.

The Committee of Unsecured Creditors ("Committee") has filed objections to the application of MHT. The Committee alleges that MHT has failed to satisfy the "substantial contribution" test which must be met by it to receive compensation.

11 U.S.C. § 503(b)(5) ("§ 503") permits "reasonable compensation for services rendered by an indenture trustee in making a substantial contribution in a case under Chapter 9 or 11 of this title, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title ..." 11 U.S.C. § 503(b)(4) permits reasonable compensation for professional services rendered by an attorney or an accountant of an indenture trustee.

MHT offers two grounds in support of its application. First, MHT argues that it is entitled to compensation as an indenture trustee under § 503. In the alternative, MHT requests that we authorize and direct the debtor-in-possession to compensate them for attorney's fees and trustee's fees pursuant to 11 U.S.C. § 502 *et seq.* ("§ 502"). We begin our analysis with MHT's § 503 claim.

MHT argues that the "substantial contribution" test of § 503 must be interpreted in concert with the Trust Indenture Act of 1939, 15 U.S.C. § 77aaa *et seq.* ("the TIA").[1]

MHT asserts that there is a "distinction between indenture trustees and other applicants under § 503," and that this alleged distinction is based upon "an apparent conflict between certain language in the Bankruptcy Act with respect to the payment of indenture trustees and the standard of care which Congress requires of an indenture trustee under the TIA." MHT argues that

"[a]n indenture trustee complying with the TIA-mandated 'prudent man' standard on behalf of indenture security holders to whom it owes a trustee's fiduciary duty may or may not make a 'substantial contribution' in a case...." MHT further contends that as the TIA pointedly "mandates" that the fiduciary duties of an indenture trustee conform to the "prudent man" standard, the "substantial contribution" test of § 503 does not apply to indenture trustees. MHT therefore concludes that when an *indenture trustee* seeks compensation under § 503, the applicable standard is that of the "prudent man", and as the services rendered on behalf of their indenture holders in the case *sub judice* have satisfied that standard, the services are compensable. We do not agree.

At the outset, we find neither the "distinction" between indenture trustees and other applicants under § 503, nor the "apparent conflict" in the statutory language of the Bankruptcy Act and the TIA as alleged by MHT. While the provision of the TIA cited by MHT, delineates the duties and responsibilities of an indenture trustee, it is silent as to the compensation due the indenture trustee in the case of a bankruptcy. In order for an indenture trustee to be compensated for services rendered on behalf of those debenture holders in the case of a bankruptcy, the "substantial contribution" test of § 503 applies. MHT cites no authority, nor is the court aware of an authority, which stands for the proposition that a distinction exists between indenture trustees and other applicants under § 503. Indeed the language of § 503 is clear that compensation is permitted for "services rendered by an indenture trustee in making a substantial contribution in a case...." 11 U.S.C. § 503(b)(5). That the TIA sets forth the duties and responsibilities of an indenture trustee has no bearing on the decision by Congress via § 503 to compensate those particular inden-

---

1. Section 315(c) of the TIA states in full:
    "DUTIES OF THE TRUSTEE IN CASE OF DEFAULT
    (c) The indenture to be qualified shall contain provisions requiring the indenture trustee to exercise in case of default (as such term is defined in such indenture) such of the rights and powers vested in it by such indenture, and to use the same degree of care and skill in their exercise, as a prudent man would exercise or use under the circumstances in the conduct of his own affairs."

ture trustees which substantially contribute to a bankruptcy proceeding. Thus, where an indenture trustee seeks compensation for services rendered in the case of a bankruptcy, the applicable test is that of "substantial contribution."

It is well settled that the "substantial contribution" test is satisfied where the services rendered by the indenture trustee have substantially contributed to a successful result, that is, an actual and demonstrable benefit to the debtor's estate, the creditors, and to the extent relevant, the stockholders. *See In re Jensen-Farley Pictures, Inc.*, 47 B.R. 557, 565–73 (Bankr. Utah, 1985); *In re Calumet Realty Co.*, 34 B.R. 922 (Bankr.E.D.Pa.1983); 3 Collier on Bankruptcy ¶ 503.04, at 503–38 (15th ed. 1984). Services which substantially contribute to a case are those which *foster and enhance*, rather than retard or interrupt the progress of reorganization." *In re Richton International Corp.*, 15 B.R. 854, 855 (Bankr.S.D.N.Y.1981) (emphasis added). However, those services which are provided *solely for the client as creditor*, such as services rendered in prosecuting a creditor's claim, are not compensable. *Id.*, at 856 (emphasis added). Thus, an indenture trustee who performs meritorious service in accordance with its indenture responsibilities for the benefit of debenture holders is not, simply by virtue of that fact, considered to have made a "substantial contribution" to the estate.

■ Upon careful review of the application, affidavits and exhibits submitted in the case *sub judice*, we find that MHT has not made a substantial contribution to the progress of these proceedings. MHT's application and supporting documents reveal that MHT incurred expenses by conducting activities with respect to protecting the interests of the debenture holders. The record indicates that MHT has reviewed pleadings, prepared proofs of claim, located debenture holders, organized and attended meetings of debenture holders and attended hearings on behalf of debenture holders. MHT admits, however, that they did not participate in the formulation of the Sharing Agreement. (*See* Affidavit of Edward

Roberts, III, In Support of the Application of MHT, p. 7). While we have no doubt that MHT's efforts were calculated to protect their debenture holders, it cannot be said that their efforts were for some broader purpose other than to serve the debenture holders. As such, these efforts do not represent a substantial contribution to these proceedings and, therefore, are not compensable under § 503.

We turn next to MHT's alternative request that we authorize and direct the debtor-in-possession to compensate them for attorneys' fees and trustees' fees pursuant to 11 U.S.C. § 502 ("§ 502") and § 607 of the Indenture Agreement ("§ 607"). MHT argues that they are "entitled to be compensated for [their] services rendered and to be reimbursed for [their] expenses incurred in accordance with the Debtor's contractual committment set forth at Section 607 of the Indenture, pursuant to Section 502 of the Bankruptcy Act...." MHT contends that the efforts conducted on behalf of their debenture holder, as set forth above, constitute an "allowed claim" under § 502 of the Bankruptcy Act and § 607 of the Indenture. MHT therefore concludes that all of its efforts are compensable as an allowed claim. We, however, disagree.

Section 502 of the Bankruptcy Act vests the court with the discretionary authority to determine the amount of any claim, "as of the date of the filing of the petition [in bankruptcy] ..." which is relative to the bankruptcy proceedings. Moreover, § 607 of the Indenture allows reasonable compensation for services rendered which are beneficial to the proper administration of the debtor's estate. Thus, the court may direct the debtor-in-possession to provide reasonable compensation for any pre-petition claim beneficial to the proper administration of the debtor's estate.

■ In the case *sub judice*, MHT has submitted detailed and extensive records of counsel's fees and expenses incurred which MHT alleges represent efforts beneficial to the debtor's estate. Our review of these records, however, reveals that only a small percentage of the services rendered and fees expended constitute a compensable

claim for pre-petition services which were beneficial to the proper administration of the debtor's estate. As such we find the liability of the debtor under § 607 of the Indenture, pursuant to § 502 of the Bankruptcy Act, to MHT for compensation and expenses is in the amount of $18,457.00. Accordingly, we direct the debtor-in-possession to compensate MHT in the amount of $18,457.00.