**In re GLOBAL INDUSTRIAL TECHNOLOGIES, INC., et al., Debtors.**

**Global Industrial Technologies, Inc., et al., Movants**

v.

**J.P. Morgan Trust Company, N.A., Respondent.**

No. 02–21626–JKF.

United States Bankruptcy Court, W.D. Pennsylvania.

June 5, 2006.

David Ziegler, Esquire, Reed Smith, LLP, Pittsburgh, PA, for Debtors.

George L. Cass, Esquire, Buchanan Ingersoll, PC, Pittsburgh, PA, for J.P. Morgan Trust Company, N.A.

## MEMORANDUM OPINION[1]

JUDITH K. FITZGERALD,
Bankruptcy Judge.

J.P. Morgan Trust Company, N.A., is the Indenture Trustee under an Indenture of Trust and filed a general unsecured proof of claim against Debtor A.P. Green Industries, Inc., in the principal unpaid balance of $5,200,000 plus interest of $128,917 through the petition date, plus certain compensation, fees and expenses that had also been incurred as of the date the bankruptcy was filed. The proof of claim also includes compensation, fees and expenses to be incurred postpetition. Debtor objects to the postpetition portion of the claim.

The Indenture of Trust is attached to J.P. Morgan's proof of claim.[2] The relevant portion is Section 8.06, Compensation of Trustee, which states:

The Trustee shall be entitled to payment for its services and reimbursement of advances, counsel fees and other expenses as shall be agreed to between the Trustee and the Company or, in the absence of any such agreement, to payment of such fees and expenses as may be reasonably made or incurred by the Trustee and reasonable in amount in connection with its services under the Indenture. To secure the payment or reimbursement to the Trustee provided for in Section 5.2(b) of the Loan Agreement, the Trustee shall have a senior claim, to which the Bonds are made subordinate, on all money or property held or collected by the Trustee, except that held in the Bond Fund, the Retirement Fund or under Article VI, or otherwise held in trust to pay principal of and interest on particular Bonds.

Debtor contends that the contractual provision is no different from similar provisions in any contract and that the postpetition counsel fees are not allowable for unsecured creditors. Debtor relies on an opinion this court previously issued in this same case, *In re Global Industrial Technologies, Inc. (Global Industrial Technologies Services Company, et al. v. Tanglewood Investments, Inc.)*, 327 B.R. 230 (Bankr.W.D.Pa.2005), for the proposition that postpetition attorneys' fees and expenses are not allowable to unsecured creditors.

J.P. Morgan contends first that, because it has fiduciary obligations imposed upon it by statute (such as reporting to its bondholders and meeting certain filing requirements under the Trust Indenture Act), pursuant to 11 U.S.C. § 502 its compensation, fees and expenses are allowable, even

1. This Memorandum Opinion constitutes the court's findings of fact and conclusions of law. The court's jurisdiction was not at issue.

2. The proof of claim is attached as Exhibit A to J.P. Morgan's Limited Objection to Confirmation of Debtors' Plan filed at Dkt. No. 5846.

though they actually arise postpetition. J.P. Morgan cites two cases in support of its claim, the applicability of which Debtor disputes, as addressed below.

■ Debtor asserts that, as a matter of law, an unsecured creditor cannot recover postpetition expenses, fees and costs as part of its claim absent the consent of the parties through a plan negotiation process. Thus, Debtor distinguishes the first case cited by J.P. Morgan, *In re Worldwide Direct, Inc.*, 334 B.R. 112 (Bankr.D.Del. 2005), which permitted partial allowance of the indenture trustee's claim for postpetition attorneys' fees and expenses based on binding language in the confirmed plan that expressly provided for those items as "an additional component of the Allowed Noteholder Claims." *Id.* at 129. In the case at bench, the plan has not been confirmed and, therefore, there is no obligation under a plan to pay J.P. Morgan's postpetition attorneys' fees and expenses.

J.P. Morgan further relies on *In re Flight Transportation Corp. Securities Litigation*, 874 F.2d 576 (8th Cir.1989), a case in which the indenture trustee sought administrative expense allowance for postpetition attorneys' fees and expenses, but also argued in the alternative that the fees and expenses were allowable under 11 U.S.C. § 502 as a general unsecured claim. Its claim for administrative expense status was pursuant to 11 U.S.C. § 503(b) for making a substantial contribution to the reorganization by fulfilling its fiduciary duties under the Trust Indenture Act of 1939. That argument did not prevail. Both the district court sitting in bankruptcy, 78 B.R. 562, 564 (D.Minn.1987), and the Court of Appeals for the Eighth Circuit found that carrying out its duties as indenture trustee for the benefit of the debenture holders was not evidence of a substantial contribution to the estate. 874 F.2d at 581. Thus, the estate was not responsible for paying for services that were primarily for the benefit of the debenture holders and only incidentally for the benefit of the bankruptcy estate.

In the pending matter, J.P. Morgan does not seek administrative expense status under § 503(b). Rather, it relies on § 502 for the proposition that the indenture agreement provided it with a contractual right to payment for its services and reimbursement of its expenses, including its attorneys' fees. Because this contractual right existed when the bankruptcy case was filed, J.P. Morgan finds comfort in *Flight Transportation,* a case in which the indenture trustee argued that its postpetition fees constituted part of its prepetition claim. The Court of Appeals for the Eighth Circuit ruled in *Flight Transportation* that the indenture trustee's claim included postpetition counsel fees because the definition of "claim" is to be given the broadest interpretation. However, the Court of Appeals did not allow the fees under § 502. Rather, the Court of Appeals held that a claim existed on the date of filing but the amount of that claim was not known. The issue was remanded to the district court for determination of whether the indenture trustee had waived its claim. There is no indication in *Flight Transportation* that an indenture trustee can collect postpetition attorneys' fees as a prepetition claim.

J.P. Morgan acknowledges that its position would enable every unsecured contractual creditor to claim postpetition attorneys' fees, even though that creditor had only state law rights. As J.P. Morgan's counsel noted, virtually every promissory note has a provision for reimbursement for attorneys' fees and expenses and many other contracts also contain those entitlements. Nonetheless, J.P. Morgan asserts, these claims are allowable under § 502 because Congress specified certain

exceptions to allowance, such as claims for unmatured interest, limitations on landlords' claims, and claims for items that are not recoverable under applicable nonbankruptcy law. Those exceptions, J.P. Morgan continues, do not include attorneys' fees. Thus, because Congress has chosen to specify certain limitations, J.P. Morgan asserts that there are no others. This argument is not persuasive, as we addressed in *Tanglewood,* and will restate below.

■ Next, J.P. Morgan argues that its postpetition attorneys' fees constitute an unsecured claim allowable under § 506. J.P. Morgan asserts that in making it clear that a fully secured creditor can recover its attorneys' fees, Congress did not mean to suggest that an unsecured creditor cannot also recover attorneys' fees. J.P. Morgan distinguishes the concept that an undersecured creditor cannot recover interest on its claim from entitlement to the requested attorneys' fees because of the historical premise that it is inequitable to permit secured creditors to collect interest payments from unencumbered estate assets before other unsecured creditors have recovered any principal. This appears to be a difference without distinction. The filing of the bankruptcy creates an estate that consists of all assets and all claims against those assets as of the date the case commences. To permit the payment of postpetition attorneys' fees of unsecured creditors to be paid out of unencumbered estate assets also diminishes the resources available to pay prepetition unsecured claims. When proofs of claim are filed, the unsecured creditors stand in parity—all seek to share in the distribution from the estate based on what they were owed on the day the bankruptcy was filed. If we were to permit certain unsecured creditors to recover fees incurred postpetition, as part of their prepetition claims, for actions taken with respect to the bankruptcy case such as to monitor the unsecured claim or protect the distribution, imposition of a bar date would be meaningless. Thereafter, every unsecured contractual creditor could continue to "monitor" the bankruptcy at the expense of the estate. If we were to permit unsecured contractual creditors to recover, as a prepetition claim, their legal fees for actions taken postpetition, debtors would never be out from under the burden of ongoing costs, the claims would continue to rise throughout the case, and the universe of prepetition claims would never be ascertainable. Thus, the Debtor's fresh start and discharge would be impaired. The concept of parity of distribution among similarly situated creditors would evaporate because some unsecured creditors would be "more equal" than others by virtue of the ability to have the claim continue to grow postpetition. It is difficult to envision anything more at odds with the spirit of the Bankruptcy Code's scheme for payment to creditors.

There is no binding precedent in the Third Circuit on this issue and it has sharply divided the courts that have examined the question. In *In re Global Industrial Technologies, Inc. (Global Industrial Technologies Services Company, et al. v. Tanglewood Investments, Inc.),* 327 B.R. 230, 239 (Bankr.W.D.Pa.2005), this court reviewed the split of authority and found the majority's analysis to be persuasive. We ruled that the maxim of *expressio unius est exclusio alterius* (the expression of one is the exclusion of the alternatives) applied to analysis of § 506(b) attorneys' fees claims. Because Congress specifically authorized payment of postpetition attorneys' fees for oversecured creditors and said nothing about allowance of such fees for unsecured creditors, there is no clear entitlement to such fees for unsecured creditors. In *Tanglewood* the court also found support for this determination in the

United States Supreme Court's opinion in *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988). In *Timbers of Inwood* the Supreme Court found that only oversecured creditors, not undersecured creditors, were entitled to postpetition interest on their claims. Because § 506(b) provides for allowance of both postpetition interest and fees to oversecured creditors, the majority of courts addressing this issue apply the reasoning in *Timbers of Inwood* to allow postpetition attorneys' fees only to oversecured creditors. Section 502(b) requires calculation of the amount of a claim as of the petition date.[3] Because postpetition attorneys' fees have not been incurred on the date the bankruptcy is filed, a claim cannot include postpetition fees. Finally, to permit one group of unsecured creditors to recover more than their prepetition debt unfairly discriminates against other unsecured creditors because it reduces the pool of assets available to that group.

An appropriate order will be issued.

### ORDER SUSTAINING IN PART DEBTORS' SEVENTH OMNIBUS OBJECTION WITH RESPECT TO J.P. MORGAN TRUST COMPANY, N.A.

**AND NOW,** this *5th* day of *June,* 2006, for the reasons expressed in the foregoing Memorandum Opinion, it is **ORDERED** that Debtors' objection to the postpetition portion of the claim of J.P. Morgan Trust Company, N.A., is **SUSTAINED.**

---

**3.** Section 502(b) states in relevant part: "... If such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition and shall allow such claim in such amount...." No part of the postpetition attorneys' fees were incurred prepetition and thus, none can be determined in an amount as of the filing of the bankruptcy petition.